[No. 45510.   En Banc.   January 4, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS
ALAN BOYER, *Petitioner*.

*Cordes, Cordes & Younglove* and *Clifford F. Cordes III*,
for petitioner.

*Patrick D. Sutherland, Prosecuting Attorney*, and *Richard A. Strophy, Chief Criminal Deputy*, for respondent.

UTTER, J.—Defendant Dennis Alan Boyer was convicted by a jury on a charge of delivery of a controlled substance. We granted review to determine whether (1) a guilty state of mind must be proven to convict the petitioner of the charge, and if so, (2) did the trial court err in instructing the jury that such a state of mind should be presumed to

exist from proof beyond a reasonable doubt of the act of delivery.

The defendant sold five pounds of LSD–laced mushrooms for $375 to an undercover agent with the State Drug Control Assistance Unit. In making the purchase, the officer posed as a marijuana dealer from eastern Washington who was interested in purchasing a variety of illicit drugs. The defendant admitted at trial that he understood he was dealing with one engaged in the unlawful drug trade, and in this context conversed with the officer about a variety of controlled substances. He further admitted making the sale as charged.

In spite of admitting the sale, defendant contended that he did not know the mushrooms contained the proscribed drug, and that he thought them to be naturally hallucinogenic, of the psilocybin type.[1] Defendant Boyer testified he had purchased a large quantity of the mushrooms, at a cost of about $450, from someone he had met on a mushroom hunting trip. The officer admitted at trial that the defendant never mentioned LSD, and always represented to him that the mushrooms were of the psilocybin type found growing naturally in the Grays Harbor area.

The jury apparently believed the defendant knew the nature of the product he was selling. It found him guilty on the charge of willful and unlawful delivery of the drug.

Defendant appealed his conviction, assigning as error the trial court's instruction to the jury that the willful nature of the delivery could be presumed from the act itself. Defendant contended the challenged instruction relieved the prosecution of its burden to prove each element of the crime charged beyond a reasonable doubt, in violation of the constitutional standard enunciated in *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975).

---

[1] Contrary to defendant's belief, psilocybin, the active ingredient in naturally hallucinogenic mushrooms, is a proscribed drug under the controlled substances act. The mushrooms he sold, however, contained no psilocybin.

The first issue before this court arises from the decision of the Court of Appeals. That court indicated it did not believe any mental state need be proven regarding the crime at all, in contradiction to the holding of Division One of the Court of Appeals in *State v. Smith,* 17 Wn. App. 231, 562 P.2d 659 (1977).

The provision at issue is RCW 69.50.401(a), which provides in pertinent part:

> Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

The issue is whether guilty knowledge, an understanding of the identity of the product being delivered, is a part of the crime. The intent language in the statute does not appear to resolve this issue since that language, rather, addresses a different question, whether or not there is an "intent to manufacture or deliver." The language of the statute thus provides no guidance on the issue before us. However, without the mental element of knowledge, even a postal carrier would be guilty of the crime were he innocently to deliver a package which in fact contained a forbidden narcotic. Such a result is not intended by the legislature. Accordingly, absent express legislative language to the contrary, we find in the context of this statute, its history and language, that guilty knowledge is intrinsic to the definition of the crime itself. Guilty knowledge must be proven beyond a reasonable doubt in conviction of this defendant under the statute.

The trial court, of course, assumed that such an element is part of the crime, as its instruction on presumption of the mental element served as the basis for the defendant's appeal at the outset.

This court, in *State v. Kroll,* 87 Wn.2d 829, 558 P.2d 173 (1976), and succeeding cases, has recognized the constitutional requirement that the prosecution bear the burden of proving beyond a reasonable doubt each element of the crime charged. It is against this constitutional test that a

challenged instruction may be measured. In this case, however, we do not reach the constitutional issue.

█ The instruction given is one which the defendant himself proposed. A party may not request an instruction and later complain on appeal that the requested instruction was given. *Ball v. Smith*, 87 Wn.2d 717, 556 P.2d 936 (1976); *Vangemert v. McCalmon*, 68 Wn.2d 618, 414 P.2d 617 (1966). The defendant's challenge to the instruction must therefore fail.

The judgment is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

Reconsideration denied February 20, 1979.