[No. 2693-3.   Division Three.   March 15, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DEAN EDWARD DICKAMORE, *Appellant.*

---

852

*Lambarth & Associates, Douglas D. Lambarth,* and *David H. Gartshore,* for appellant.

*James P. McNally, Prosecuting Attorney,* and *James Roche, Deputy,* for respondent.

GREEN, C.J.—Defendant appeals his jury conviction for possession of marijuana in excess of 40 grams. He raises the following issues: (1) Did the trial court err when it denied his motion to call experts at the State's expense[1] to prove

---

[1]Defendant is indigent.

that RCW 69.50.204(d)(10),[2] which lists marijuana as a controlled substance, is unconstitutional? (2) Was the police search of defendant's automobile illegal, thus rendering inadmissible evidence of marijuana found inside that automobile? and (3) Did the court err when it refused to instruct the jury on the "missing witness" presumption?

Shortly before 11 p.m. on April 29, 1977, the defendant hit a parked car as he was traveling along Box Canyon Road in Pend Oreille County. The owner of the car heard the crash, and stepped outside to investigate. When he discovered that the defendant had left the scene of the accident, he gave pursuit in his pickup. His brother, who lived across the road, called the county sheriff's office, then followed in his own vehicle. The brothers came upon the defendant approximately three-quarters of a mile down the road. He was stopped and sitting in his automobile, and he agreed to accompany the owner back to his house.

Meanwhile, two sheriff's cars had arrived at the accident scene. Deputy Sheriff Knudsen remained at the scene to collect information. Deputy Sheriff Gray and Reserve Officer Crilley left in the second car to assist in the pursuit of the defendant. On the way, they met the car owner's brother who informed them that the owner was returning with the defendant.

The officers continued on to the defendant's vehicle where they took pictures of the damaged area. In order to get the speedometer reading and the vehicle identification number of the defendant's car, they inspected the inside of the vehicle with a flashlight. At this point, they discovered an open green bag on the floor behind the driver's seat with

---

[2]RCW 69.50.204 provides, in part:

"(a) The controlled substances listed in this section are included in Schedule I.
". . .

"(d) Any material, compound, mixture or preparation which contains any quantity of the following hallucinogenic substances, their salts, isomers and salts of isomers, unless specifically excepted, whenever the existence of these salts, isomers, and salts of isomers is possible within the specific chemical designation:
". . .

"(10) Marihuana;"

seeds that appeared to be marijuana spilling out of it. They took pictures of the bag, then seized the contraband. Subsequently, the defendant was arrested and charged with possession.

First, the defendant contends that RCW 69.50.204(d)(10) violates his right to due process and equal protection under the law. Specifically, he asserts that (1) no rational basis exists for classifying marijuana as a controlled substance, and (2) comparable drugs such as coffee, nicotine and alcohol are not similarly classified. In order to obtain the opinion testimony of experts who support his position, the defendant made application under CrR 3.1(f). That rule provides in part:

> **(f) Services Other Than Counsel.** Counsel for a defendant who is financially unable to obtain investigative, expert, or other services necessary to an adequate defense in his case may request them by a motion. *Upon finding that the services are necessary* and that the defendant is financially unable to obtain them, the court shall authorize counsel to obtain the services on behalf of the defendant.

(Italics ours.) The trial court denied his motion. The defendant assigns error to this ruling, claiming that his constitutional right to effective assistance of counsel includes payment for the experts he requested.

■ The right to effective assistance of counsel requires that the State pay for experts for an indigent defendant when those experts are *necessary. Cf. Mason v. Arizona,* 504 F.2d 1345 (9th Cir. 1974). Thus, defendant's constitutional right is no broader than his right to petition for state paid services under CrR 3.1(f). Here, the trial court properly denied defendant's motion because the testimony which he requested would not add to his defense. Both the federal courts and the courts of other states have reviewed evidence similar to that which defendant seeks to present. They have uniformly upheld the propriety of the classification of marijuana as a controlled substance against constitutional challenges. *United States v. Gramlich,* 551 F.2d

1359 (5th Cir. 1977); *United States v. Spann*, 515 F.2d 579 (10th Cir. 1975); *United States v. Kiffer*, 477 F.2d 349 (2d Cir. 1973); *United States v. Rodriquez–Camacho*, 468 F.2d 1220 (9th Cir. 1972); *People v. Schmidt*, 24 Crim. L. Rep. 2323–24 (Mich. Ct. App. Jan. 3, 1979).

In *United States v. Kiffer, supra,* the court found that the Congress had a rational basis for classifying marijuana as a controlled substance, *i.e.*, the protection of the health of the American public. We have no doubt that the defendant here could produce experts to testify that marijuana is not harmful. However, so long as scientists disagree about the effect of marijuana, the legislature is free to adopt the opinions of those scientists who view marijuana as harmful. We will not substitute our judgment for that of the legislature where the statute in question bears a rational relationship to a legitimate legislative purpose. The *Kiffer* court also addressed the equal protection argument. It noted that even if such substances such as tobacco and alcohol are as harmful as marijuana, the legislature is not constitutionally compelled to regulate or prohibit *all* harmful substances. "It may conclude that half a loaf is better than none." *United States v. Kiffer, supra* at 355. The rationale of these cases is persuasive and the trial court did not err in denying defendant's motion that he be provided with expert witnesses at state's expense.

Second, the defendant argues that the search of his automobile was unlawful. He relies on the pictures of the car's interior taken by the officers who conducted the search. According to the defendant, these pictures rebut the officers' testimony that the marijuana was in plain view. We have examined the photographs, and we conclude that they are not clear enough to support either the defendant's or the State's position. Therefore, the testimony of Deputy Sheriff Gray and Reserve Officer Crilley must stand. They stated that they were able to observe marijuana seeds and residue scattered about an open bag situated behind the driver's seat of the defendant's vehicle. Their observations took place from a point outside the car. Both the judge at

the suppression hearing and the trial judge chose to believe this testimony, and they held that the search was justified under the plain–view exception. *Coolidge v. New Hampshire,* 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022, 2037–38 (1971); *State v. Nichols,* 20 Wn. App. 462, 581 P.2d 1371 (1978). We find no error.

Third, the defendant assigns error to the court's refusal to give the following instruction:

> If the plaintiff does not produce the testimony of a witness who is [within the control of] [or] [peculiarly available to] the plaintiff and as a matter of reasonable probability it appears naturally in the interest of the plaintiff to produce the witness, and if the plaintiff fails to satisfactorily explain why it has not called the witness, you may infer that the testimony which the witness would have given would have been unfavorable to the plaintiff, if you believe such inferences warranted under all the circumstances of the case.

WPIC 5.20, 11 Wash. Prac. 76 (1977). Here, Deputy Sheriff Knudsen, the officer who conducted the accident scene investigation, was not available at trial. The State explained that it had issued a subpoena for the witness several days prior to trial, but the sheriff's office had failed to serve the subpoena before Deputy Knudsen left on vacation.

In *State v. Davis,* 73 Wn.2d 271, 438 P.2d 185 (1968), the court laid out certain conditions which must be fulfilled before a missing witness instruction is required. Among other things, the testimony of the uncalled witness must be important and necessary, not merely trivial or cumulative. *State v. Davis, supra* at 278. Here, Deputy Knudsen's testimony concerning his investigation of the accident scene was not important to the possession charge. However, the chain of custody of the marijuana which Deputy Gray and Reserve Officer Crilley seized from the defendant's car included Deputy Knudsen. Investigator Leville of the Pend Oreille County Sheriff's office testified that he transferred the seized material to Donald Hughto of the Washington State Patrol for positive identification of

the material as marijuana. He stated that he received the evidence from Deputy Knudsen. When the evidence was returned from the state trooper, it was given to Deputy Knudsen.

■ The rule is that an exhibit is sufficiently identified when it is identified as being the same object and when it is declared to be in the same condition as at the time of its initial acquisition by the State. *State v. Potts*, 1 Wn. App. 614, 616, 464 P.2d 742 (1969), citing *State v. Russell*, 70 Wn.2d 552, 424 P.2d 639 (1967). Deputy Gray, the officer who seized the marijuana, testified:

Q. Now, is this the same evidence that you inventoried that night?

A. It is, it has the same tags on it that I put on it that night.

Q. Have there been any changes or anything, or does it look the same to you?

A. It appears to have been reopened and resealed. Each one of them has got tape with someone's initials when they have been opened and resealed.

Q. Can you read those initials?

A. It looks like a G.S. . . .

Gordon Sly, a state trooper who tested the evidence to determine whether it was, in fact, marijuana, also testified at trial. His testimony, combined with that of Deputy Gray, was sufficient to identify the evidence. Deputy Knudsen's testimony would have been cumulative. Therefore, the court did not err when it refused to give the proposed missing witness instruction.

Accordingly, we affirm the judgment of the trial court.

McINTURFF and MUNSON, JJ., concur.

Reconsideration denied April 11, 1979.