[No. 47166–5.  En Banc.  May 28, 1981.]

*In the Matter of the Personal Restraint of*
JAMES D. HAYNES, *Petitioner.*

*Christopher O. Shea, Public Defender,* for petitioner.

*Grant S. Meiner, Prosecuting Attorney,* for respondent.

Hicks, J.—This is petitioner's second collateral attack on his convictions for second degree murder and second degree assault. He has previously appealed to the Court of Appeals, brought a petition for review to the Supreme Court, and petitioned for relief from personal restraint. The issues raised in this petition (instructions which include presumptions which allegedly shift the burden of proof from the prosecutor to the defendant) were not raised previously at the trial court, on appeal, on petition for review, or in the previous personal restraint petition. All issues raised in this personal restraint petition were available to be raised before briefs were filed on the initial appeal to the

Court of Appeals. We deny the petition.

Petitioner was convicted of second degree murder in early 1975 for killing his estranged wife with a .38 caliber revolver. This act occurred after he entered his wife's home during the progress of his stepdaughter's 16th birthday party and discovered his wife and her boyfriend sitting on the couch together. He was also convicted of second degree assault for seriously wounding a partygoer. Additional facts are set forth in *State v. Haynes,* 16 Wn. App. 778, 559 P.2d 583 (1977), wherein the Court of Appeals affirmed petitioner's convictions after reviewing various constitutional and procedural errors assigned.

Six years after his conviction, petitioner now asks this court for a retrial on the basis that four instructions at his trial contained constitutionally impermissible presumptions as determined in *Mullaney v. Wilbur,* 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881 (1975). One instruction was proposed by Haynes, and he cannot later claim it to be error. *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979). The other three, not proposed by Haynes but standard instructions in this state previous to *Mullaney,* appear to be prohibited by *Mullaney* and *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977). No exceptions to these instructions were taken at trial. At no time previous to this petition has petitioner assigned error to these instructions.

Haynes, on parole since May 1980, still has standing to seek this relief by personal restraint petition. RAP 16.4(b). Such relief, however, is denied under RAP 16.4(d), *In re Myers,* 91 Wn.2d 120, 587 P.2d 532 (1978), and *In re Lee,* 95 Wn.2d 357, 623 P.2d 687 (1980).

The *Lee* rule, that constitutional issues may not be raised for the first time on collateral attack if they were not excepted to at trial and were available to be raised on appeal, but were not, is directly in point. The distinction between *Lee* and the instant case is that the *Mullaney* rule on instructions is at issue rather than voluntariness of a guilty plea. *Mullaney* was decided a year before Haynes filed his Court of Appeals brief. While petitioner is correct

in arguing that the retroactivity of the *Mullaney* rule, as to direct appeals, is established in *Hankerson v. North Carolina*, 432 U.S. 233, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977), and in this state by *State v. Modica*, 18 Wn. App. 467, 569 P.2d 1161 (1977), retroactivity is not the issue here. Furthermore, *Hankerson* does not pertain to collateral attacks.

*Myers* sets out the rule in this state on collateral attack of criminal convictions, based on *Massey v. Rhay*, 76 Wn.2d 78, 455 P.2d 367 (1969), *Pettit v. Rhay*, 62 Wn.2d 515, 383 P.2d 889 (1963), and *Mason v. Cranor*, 42 Wn.2d 610, 257 P.2d 211 (1953). In *Myers*, we held that personal restraint petitions, brought in state court under RAP 16.4, will be judged in accordance with state procedural requirements. The *Myers'* rule requires that those issues, constitutional *or* nonconstitutional, which were known or could have been known yet were not raised at trial nor on direct appeal, may not be raised on collateral attack. Those constitutional interpretations not yet articulated in decisional law, and which could not have been anticipated, will be considered on collateral attack, subject to our strong public policy interest in the finality of judgments and the avoidance of later and inevitably less reliable criminal trials.

Petitioner argues that the instructions given are such grievous error as to require a retrial. The entire purpose of *Mullaney,* as stated in *Hankerson,* was to overcome an aspect of trial that substantially impaired the truth finding function. On a collateral attack which raises a retroactivity issue, we weigh the judicial and prosecutorial burden, along with the consideration that the passage of time itself significantly impairs the truth finding process of a retrial. *See* the discussion in *Myers* wherein we decided the balance was not in favor of retrial.

Retroactivity is not the issue here. *Mullaney* was decided 1 year before Haynes filed his original Court of Appeals brief appealing his convictions. The petition for review in the Supreme Court was set 5 months after *Roberts* and the issue not raised. Haynes then brought his first personal restraint petition on other constitutional issues, almost 2

years after *Mullaney*. At some stages of the procedures he went through after his conviction, he was pro se. At others, he was represented by counsel. Neither fact is relevant to our construction of RAP 16.4 precluding postconviction relief under these facts. Petitioner could have raised the issue previously, and is precluded from relief on that basis.

Aside from *Myers* and the rule in *Lee,* petitioner is precluded from a second personal restraint petition by RAP 16.4(d) which states:

> **(d) Restrictions.** The appellate court will only grant relief by a personal restraint petition if other remedies which may be available to petitioner are inadequate under the circumstances. *No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown.*

(Italics ours.)

Petitioner Haynes has previously petitioned this court for postconviction relief, and has shown no good cause why he should be allowed to bring a second petition for similar relief[1] raising issues which could have been raised in the first petition. The Court of Appeals has previously found "good cause" to allow a second personal restraint petition. *In re Bush,* 26 Wn. App. 486, 616 P.2d 666 (1980). Where good cause is established, another petition will be allowed under RAP 16.4(d). Such is not the case here. It is unnecessary, costly, and burdensome for the courts to entertain more than one personal restraint petition from a single individual when the grounds for relief could be reviewed in one petition.

We note that under our construction of RAP 16.4 and its predecessor, there have always been some conflicting decisions. *See Holt v. Morris,* 84 Wn.2d 841, 848–49, 529 P.2d 1081 (1974). The nature of the remedy has always required, and will continue to require, that consideration be given somewhat on a case–by–case basis, without ironclad

---

[1]The relief petitioner now seeks is a new trial. The relief sought in the previous personal restraint petition was vacation of the conviction or a new trial. They are relief from restraint, and are similar.

adherence to rules set out in previous decisions. But in general we adhere to *Massey v. Rhay, supra, In re Myers, supra,* and *In re Lee, supra,* and to the view of the remedy (then CrR 7.7) set out by Justice Hale in his concurrence to *Holt v. Morris, supra* at page 852:

> The basic fundamental and constitutional remedy or relief, as the case may be, for one convicted of a crime by a judge or jury serving in a constitutionally established court is and remains the process of appeal, or executive clemency, or both. When these two constitutional remedies have been exhausted, the case should end; any further relief ought to be limited to such relief as may be granted by the legislature in laws of general application.
>
> The need for CrR 7.7 thus arises not from any organic defect in our judicial system but because the writ of habeas corpus has, as I see it, been allowed by a process of judicial contortion to deteriorate into a writ of appeal. Despite previous judicial protestations that habeas corpus is no substitute for appeal, it has become exactly that and one most frequently pursued after all remedies by appeal, probation, parole and executive clemency have been utilized. By habeas corpus one is insured of a superconstitutional procedure enabling him to institute appeal upon appeal and review upon review in forum after forum ad infinitum.
>
> CrR 7.7 has been adopted to bring some order to this chaotic condition. CrR 7.7 appears neither to trespass on the substantive law of this jurisdiction nor to exceed the limited rule–making power of this court and currently operates, I think, to make the best of a presently bad situation developed in an era of rampant abuse of habeas corpus.

The general rules of *Myers* and *Lee* control in this case, and will control the disposition of nearly all petitions brought under RAP 16.4.

■ We agree with petitioner that we will, under RAP 2.5(a)(3), review *on appeal* "manifest error affecting a constitutional right", even though not raised in the trial court. But we are not so required on collateral attack. *In re Myers, supra.* The reasoning is that an appeal, if taken, must be taken within a specified time. This insures that

should error require reversal and retrial, the practical problems of proof associated with long delayed trial will not impede the truth finding process. Since there can be no such time limit on collateral attacks, the necessity to exclude those issues that could have been raised before and weren't, to balance the interest in error free trials against the interest in finality of judgments, and to exclude additional collateral attacks absent "good cause shown", becomes apparent.

We do not agree with petitioner that *Koehn v. Pinnock,* 80 Wn.2d 338, 494 P.2d 987 (1972) should control the law in this case rather than *Myers. Koehn* did not involve constitutional errors. The statement that grave constitutional errors would be considered on collateral attack was dictum. *Myers* and *Lee* are controlling.

We note that the Court of Appeals in the original review of Haynes' trial determined that constitutional errors occurring in the trial did not mandate a reversal and new trial. Due to the overwhelming character of the evidence against Haynes, the reviewing court determined that there was no prejudice. *State v. Haynes,* 16 Wn. App. 778, 786, 559 P.2d 583 (1977). We are of the opinion that the instructional errors were harmless beyond reasonable doubt under the facts of this case.

The petition is denied.

ROSELLINI, DOLLIVER, DORE, and DIMMICK, JJ., concur.

BRACHTENBACH, C.J., and STAFFORD, UTTER, and WILLIAMS, JJ., concur in the result.