[No. 5035–II.  Division Two.  September 10, 1981.]

*In the Matter of the Personal Restraint of*
Bruce L. Herman, *Petitioner.*

*Steven Scott* of *Institutional Legal Services,* for petitioner.

*C. Danny Clem, Prosecuting Attorney,* for respondent.

Reed, C.J.—Bruce L. Herman has filed a personal restraint petition in which he seeks his release from Western State Hospital on grounds he was committed in violation of due process of law and without compliance with RCW 10.77, the statutory scheme for commitment of the

criminally insane.

Petitioner vandalized a statue in the Miller–Woodlawn Cemetery in Bremerton in 1976. He was acquitted of criminal charges by reason of insanity and committed to Western State Hospital, RCW 10.77.110. He was conditionally released in 1978 and finally discharged in 1979. Some 3 weeks later, he was again apprehended and charged for a variety of acts of vandalism and destruction against the same statue. The record is devoid of any indication of other destructive or dangerous acts on petitioner's part; the entire focus of his actions has apparently been that particular statue, which he has been "directed" to attack. Petitioner entered a plea of not guilty by reason of insanity, RCW 10.77.060, .080. The trial court entered a judgment and order of acquittal, in which it found that petitioner should be committed because he "is a substantial danger to property unless kept under further control" and "does present a substantial likelihood of committing felonious acts jeopardizing public safety or security unless kept under further control."

RCW 10.77.110 authorizes a commitment under the following circumstances:

> If it is found that such defendant is a substantial danger to other persons, or presents a substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions, the court shall order his hospitalization, or any appropriate alternative treatment less restrictive than detention in a state mental hospital, pursuant to the terms of this chapter.

*State v. Brasel*, 28 Wn. App. 303, 310, 623 P.2d 696 (1981).

██ Due process of law demands that the statutory elements be proved by a preponderance of the evidence, *i.e.*, by proof it is more probably true than not that the accused is substantially dangerous to other persons or is substantially likely to commit felonious acts jeopardizing public safety. *State v. Wilcox*, 92 Wn.2d 610, 613–14, 600 P.2d 561 (1979). The trial court in this case found a sub-

stantial danger to property, not other persons, which might be grounds for a civil commitment under RCW 71.05-.020(3), but is not grounds for criminal commitment. It further found a likelihood of jeopardy to public safety or security. The record does not support this finding by a preponderance of the evidence, however. The record shows a danger to the particular statue, but we agree with petitioner that that does not constitute a danger to the safety or security of the public at large as would exist, *i.e.*, from a propensity to burglarize the homes of others, *In re Patterson,* 90 Wn.2d 144, 153, 579 P.2d 1335 (1978), or a propensity to commit arson, *State v. Wilcox, supra.*

■ Petitioner's commitment and continued detention without satisfaction of the statutory burden of proof is a deprivation of his right to liberty without due process of law. *State v. Wilcox,* 92 Wn.2d at 612. The general rule governing collateral attacks on criminal convictions is that "those issues, constitutional *or* nonconstitutional, which were known or could have been known yet were not raised at trial nor on direct appeal, may not be raised on collateral attack" by means of a personal restraint petition. *In re Haynes,* 95 Wn.2d 648, 651, 628 P.2d 809 (1981). We agree with the thrust of that rule, which is intended to implement a "strong public policy interest in the finality of judgments and the avoidance of later and inevitably less reliable criminal trials." *In re Haynes,* 95 Wn.2d at 651; *accord, In re Myers,* 91 Wn.2d 120, 124–25, 587 P.2d 532 (1978). In this case, however, we are not faced with a situation in which a new trial of a competent defendant would be held. Petitioner is a psychotic, not dangerous to the public at large, who was committed to a mental hospital for treatment; who was not, insofar as the record reflects, ever advised of his right to appeal as accorded by RCW 10.77.230; and yet who is being deprived of his liberty without due process of law because the State failed to meet its constitutional burden of proof. In these unique circumstances, "ironclad adherence" to the *Haynes* rule against collateral attacks would be unjust. *See In re Haynes,* 95 Wn.2d at 652.

The judgment and order of commitment are vacated, and petitioner is ordered released.

PEARSON and PETRIE, JJ., concur.