[No. 10848–4–I.   Division One.   December 30, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. CLIFFORD
BRUCE ANDERSON, SR., *Appellant.*

518

*Kim Wakefield* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Rebecca Roe, Deputy,* for respondent.

CORBETT, J.—The defendant, Clifford Bruce Anderson, appeals his judgment and sentence for statutory rape in the first degree, which was entered after revocation of a deferred sentence. We affirm.

Defendant pleaded guilty to statutory rape involving three of his children. He was committed to Western State Hospital as a sexual psychopath, pursuant to RCW 71.06-.060. An order deferring imposition of sentence was entered on condition that he successfully complete the sexual psychopathy program. After 17 months in the sex offender program, defendant was returned to the court, pursuant to RCW 71.06.091, the hospital staff having found that he was not amenable to further treatment. The court than conducted a hearing to determine whether the defendant should be returned to the hospital, released or sentenced. The State called three witnesses, one of whom was defendant's therapist at Western State Hospital. The defendant testified and called two other therapists who had worked with him in the sex offender program. Defendant sought to employ an additional expert witness to evaluate him and make a written report concerning amenability to treatment. His first assignment of error is that the trial court abused its discretion by denying this motion for appointment of an additional expert.

The court rule relied upon by the defendant, CrR 3.1(f), provides in pertinent part:

Upon finding that the services are necessary . . . the court shall authorize counsel to obtain the services on

behalf of the defendant.

The sexual psychopath statute, RCW 71.06.091, states in pertinent part:

> The court then may order such further examination and investigation of such person as seems necessary, and may at its discretion, summon such person before it for further hearing, together with any witnesses whose testimony may be pertinent, and together with any relevant documents and other evidence.

■ Defendant contends that appointment of an expert was necessary for him to receive the effective representation of counsel. The right to effective assistance of counsel requires that the State pay for experts for an indigent defendant only when those experts are necessary to an adequate defense. *State v. Niemczyk*, 31 Wn. App. 803, 805, 644 P.2d 759 (1982). In this respect, defendant's constitutional right is no broader than that provided by CrR 3.1(f). *State v. Dickamore*, 22 Wn. App. 851, 854, 592 P.2d 681 (1979). The trial court heard expert testimony from several witnesses who supervised the defendant's treatment and evaluation at Western State Hospital. Defendant made no offer of proof regarding the necessity of additional expert testimony, and the trial court specifically found that additional evaluations and reports would be cumulative and unnecessary. The record reflects competent performance by defense counsel, both on direct and cross examination. Absent evidence of prejudice to the defendant, we cannot conclude that he was denied effective representation of counsel, and can only speculate as to what the additional expert services might have provided. The trial court did not abuse its discretion by denying the request for appointment of an expert.

Defendant's next contention is that the trial court erred in overruling his objections to testimony not based on the personal knowledge of the State's witnesses.

■ Hearings held pursuant to the sexual psychopath statute are aimed at resolving the issue of proper placement of the defendant, not at addressing criminal culpability.

The situation is analogous to the distinction between a criminal trial and sentencing; less formality is desirable in dispositional hearings than in factfinding hearings. ER 1101 exempts, *inter alia,* sentencing, parole and probation revocation, juvenile court dispositions, and dispositional determinations under the civil commitment act. *See* Comment to ER 1101. While dispositional hearings under RCW 71.06-.091 are not explicitly exempted, they fall within the rationale of the rule. The court did not err by admitting the testimony.

Defendant's final assignment of error is that insufficient evidence was presented to justify the trial court's finding that he was no longer amenable to treatment. Defendant's therapy supervisor from February 1980 to March 1981 testified that the defendant was dishonest, secretive, uncooperative, and presented a poor picture of amenability to treatment. He further testified that defendant was not safe to be at large because he was still oriented towards children for sexual gratification. Defendant's therapy supervisor from March to April 1981 testified that the defendant lacked motivation and continued to reinforce his deviant thinking by secretive masturbation. Defendant's therapy supervisor from May to July 1981 testified that the defendant's progress had been irregular and that his reluctance to make disclosures hampered participation in the self-help program. Two witnesses who had dealt with defendant's children testified concerning the devastating effects of his actions upon them and expressed concern for the children's well-being should he be released. The defendant testified that he was making an effort to be honest and open with the therapy group and wanted very much to return to treatment because he realized that behavior modification was the only way to correct his problem. In addition to this testimony, the court considered the periodic progress reports prepared by the treatment staff at Western State Hospital and its report recommending defendant's removal from the program.

RCW 71.06.091 is silent regarding the degree and

burden of proof to be used in determining whether the defendant is amenable to treatment and safe to be at large. *State v. McCarter,* 91 Wn.2d 249, 252, 588 P.2d 745 (1978). Defendant asserts that the State's burden of proof is by a preponderance of the evidence, citing *State v. Wilcox,* 92 Wn.2d 610, 600 P.2d 561 (1979), and *In re Herman,* 30 Wn. App. 321, 634 P.2d 310 (1981). These cases place such a burden on the State in proceedings for the commitment of the criminally insane. Analogizing the proceedings authorized by RCW 71.06.091 to revocation of probation, it appears that the standard should be "that the evidence and facts be such as to reasonably satisfy the court". *State v. Kuhn,* 81 Wn.2d 648, 650, 503 P.2d 1061 (1972), cited with approval in *State v. Hultman,* 92 Wn.2d 736, 745, 600 P.2d 1291 (1979). The testimony and reports in this case easily met either standard and support the order revoking the deferred sentence.

Affirmed.

ANDERSEN, C.J., and WILLIAMS, J., concur.

Reconsideration denied February 9, 1983.