[No. 49469-0.   En Banc.   June 28, 1984.]

*In the Matter of the Personal Restraint of*
GEORGE E. GRIFFITH, *Petitioner.*

*George E. Griffith,* pro se, and *Robert Adelman* of *Evergreen Legal Services,* for petitioner.

*Seth Dawson, Prosecuting Attorney,* and *S. Aaron Fine, Deputy,* for respondent.

DORE, J.—George E. Griffith was convicted of first degree murder and second degree assault on November 25, 1975. This court affirmed his conviction in *State v. Griffith,* 91 Wn.2d 572, 589 P.2d 799 (1979). In this personal restraint petition, Griffith contends the rule in *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979) should apply retroactively and his convictions should be set aside. We decline to reach the *Sandstrom* issue and deny the petition.

## DECISION

At trial, petitioner had argued that his history of mental disorders prevented his forming a requisite intent to kill and, therefore, he was incapable of forming intent to establish premeditation, a required element of first degree murder. In the original trial, the prosecuting attorney and defense counsel agreed upon the following instruction on intent which was submitted to the jury.

*You are instructed that the law presumes that every man intends the natural and probable consequences of his own acts.* It is not necessary to establish intent by direct and positive evidence, but intent may be established by inference and in the same way as any other fact by taking into consideration the acts of the parties and all the facts and circumstances of the case.

"Intent" is a mental condition or process and may be shown by direct proof of [*sic*] may be derived from and established by the attendant facts and circumstances as shown by the evidence.

In determining the question of the intent of the defendant, you may consider the consequences of the act or acts, the circumstances surrounding the commission of the act or acts, and the ability of the defendant to form the intent to commit the crimes as charged.

(Italics ours.) Report of Proceedings, at 634.

In 1979, 4 years after petitioner's trial, the United States Supreme Court held that an instruction stating

"the law presumes that a person intends the ordinary consequences of his voluntary acts,"

violates the Fourteenth Amendment's requirement that the

State prove every element of a criminal offense beyond a reasonable doubt. *Sandstrom v. Montana, supra* at 512. This court subsequently held such an instruction unconstitutional in *State v. Caldwell,* 94 Wn.2d 614, 618 P.2d 508 (1980).

We decline to address the retroactivity of *Sandstrom* in the instant case. Petitioner proposed the challenged instruction, and he cannot now complain it was error. *In re Haynes,* 95 Wn.2d 648, 628 P.2d 809 (1981), *overruled on other grounds in In re Hews,* 99 Wn.2d 80, 660 P.2d 263 (1983); *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979).

Petitioner contends he should not be held to have requested the instruction because the tainted language involving presumption of intent was offered by both the prosecution and the defense. Since the instruction had been approved by this court at the time of petitioner's trial, *State v. Mays,* 65 Wn.2d 58, 395 P.2d 758 (1964), *cert. denied,* 380 U.S. 953 (1965), he argues the trial court inevitably would have given the instruction based on the State's request. Petitioner argues that he requested his version of the instruction in order to place it before the jury in a more favorable form. *United States v. Squires,* 440 F.2d 859 (2d Cir. 1971).

In *United States v. Squires, supra,* the Second Circuit Court of Appeals held that a defendant did not waive his right to challenge an instruction which he had requested at trial in response to a similar but less favorable instruction proposed by the prosecution. The *Squires* court observed that the defendant proposed his instruction only after it became apparent that a government–submitted charge was about to become accepted. Petitioner, however, fails to point out on the record in the instant case where he proposed a more favorable instruction than the prosecutor.

CONCLUSION

The subject instruction given is one which petitioner Griffith proposed. He cannot now challenge his own pro-

posed instruction. *State v. Boyer, supra.* We deny petitioner's personal restraint petition.

ROSELLINI, BRACHTENBACH, DOLLIVER, and DIMMICK, JJ., concur.

STAFFORD and PEARSON, JJ., concur in the result.

UTTER, J. (dissenting)—The majority holds that the petitioner, Mr. Griffith, cannot challenge a clearly unconstitutional jury instruction because he "proposed" it in response to a less favorable prosecution instruction that could not be realistically challenged under the law as it then stood. Such a result is unjust and ignores persuasive federal precedent that is directly on point. I therefore dissent.

I

The majority holds that "[p]etitioner proposed the challenged instruction, and he cannot now complain it was error." Majority, at 102. However, the two "invited error" cases cited by the majority are distinguishable and do not support such a broad and harshly inflexible statement of the rule. In *State v. Boyer*, 91 Wn.2d 342, 588 P.2d 1151 (1979), for instance, a defendant proposed and later challenged a jury instruction on the basis of a United States Supreme Court decision handed down more than a year before his trial. The defense attorney in *Boyer* therefore should have known or suspected the instruction was unconstitutional at the time he proposed it. In *In re Haynes*, 95 Wn.2d 648, 628 P.2d 809 (1981), *overruled on other grounds in In re Hews*, 99 Wn.2d 80, 660 P.2d 263 (1983), petitioner challenged various instructions as unconstitutional in light of a United States Supreme Court decision handed down a few months after his trial but 1 year before his appeal to the Court of Appeals. Although the court stated without analysis that one of the challenged instructions "was proposed by [the defendant], and he cannot later claim it to be error", *Haynes,* at 650, the court went on to discuss other reasons why none of the instructions

could be challenged. For example, the court stated:

This is petitioner's second collateral attack on his convictions . . . He has previously appealed to the Court of Appeals, brought a petition for review to the Supreme Court, and petitioned for relief from personal restraint. The issues raised in this petition (instructions which include presumptions which allegedly shift the burden of proof from the prosecutor to the defendant) were not raised previously at the trial court, on appeal, on petition for review, or in the previous personal restraint petition. All issues raised in this personal restraint petition were available to be raised before briefs were filed on the initial appeal to the Court of Appeals. We deny the petition.

*Haynes,* at 649–50; *see also Haynes,* at 651–52 (reciting the same facts and concluding that "[p]etitioner could have raised the issue previously, and is precluded from relief on that basis"). The court also held that any instructional errors were harmless beyond a reasonable doubt under the facts of that case. 95 Wn.2d at 654.

This case differs from both *Boyer* and *Haynes. Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979) and *State v. Caldwell,* 94 Wn.2d 614, 618 P.2d 508 (1980), the two cases that form the basis for Mr. Griffith's personal restraint petition, were not decided until after both the Court of Appeals and this court had heard petitioner's appeals and affirmed his conviction. *See State v. Griffith,* 91 Wn.2d 572, 589 P.2d 799 (1979) (filed 6 months before *Sandstrom* was decided). In fact, at the time petitioner "proposed" it, the unconstitutional instruction was standard in this state, *In re Hagler,* 97 Wn.2d 818, 819, 650 P.2d 1103 (1982), and had been expressly approved by this court. *State v. Mays,* 65 Wn.2d 58, 66, 395 P.2d 758 (1964), *cert. denied,* 380 U.S. 953 (1965). The portion of the instruction challenged here was originally proposed by the prosecutor. In short, petitioner could not have known that the instruction was unconstitutional at the time it was submitted, could not have raised the issue on direct appeal, and could not have had any reasonable ground for objecting

to it when it was offered by the prosecutor. See majority, at 102.

The invited error doctrine was originally founded on the principle of estoppel, and was designed to prevent a party from inducing reliance by the court and his or her adversary on one theory at trial and raising a new theory on appeal. *See* B. & W. Elliott, *Appellate Procedure* 550–52 (1892). A review of the Washington cases reveals, however, that the invited error rule has been reduced to little more than an all–purpose platitude cited often and without analysis to summarily dispose of troublesome issues. In my opinion, the doctrine of invited error should bar appeals and personal restraint petitions where the party asserting error attempts to change his or her theory at the appellate level, where the alleged error may have been induced by the complaining party through either negligence or deliberate bad faith manipulation, or where the error could have been cured at an earlier stage of the proceedings. However, in cases like this where the petitioner has maintained a consistent theory at both the trial and appellate levels, could not possibly have known that the instruction was erroneous, could have done nothing to prevent its adoption by the court, and could not have raised the issue on direct appeal, barring any challenge to the instruction works a gross injustice without furthering any legitimate judicial purpose. I would hold that under the facts and circumstances of this case petitioner's "proposal" of the unconstitutional instruction does not bar his subsequent claim that the erroneous instruction deprived him of a fair trial.

## II

Even if the invited error rule could be justly applied to Mr. Griffith, this case would still fit within an exception to the rule.

In *United States v. Squires, supra,* the Second Circuit Court of Appeals held that a defendant did not waive his right to challenge an instruction which he had requested at trial in response to a similar but less favorable instruction proposed by the prosecution. The *Squires*

court observed that the defendant proposed his instruction only after it became apparent that a government–submitted charge was about to become accepted. Petitioner, however, fails to point out on the record in the instant case where he proposed a more favorable instruction than the prosecutor.

Majority, at 102 (citing *United States v. Squires,* 440 F.2d 859 (2d Cir. 1971)). Although the fact that the invited error issue could not have been raised during the trial or direct appeals resulted in an admittedly poor record on this point, there is sufficient evidence for this court to conclude that petitioner's actions fell squarely within the exception to the invited error rule discussed in *Squires.*

In his response to motion to modify commissioner's ruling, petitioner attached as exhibits copies of drafts of both the prosecutor's and the defense attorney's original proposed instructions on the issue of intent. The record also contains a certified copy of the defendant's subsequent proposed supplemental instructions, including proposed instruction 7B, which was actually read to the jury. Report of Proceedings, at 634. According to petitioner, he

included the tainted instruction solely so that he might alter the last paragraph of that instruction and still keep it in context. Both sides offered the tainted instruction but varied the second paragraph. . . . The first paragraph of both proposed instructions are virtually identical, and the Court would have undoubtedly given the instruction based on the State's request in any case since it was then accepted law. *In re Hagler, supra.* Defense counsel simply attempted, by altering the second paragraph, to put the tainted instruction in the best light for his client.

Petitioner's Response to Motion To Modify Commissioner's Ruling, at 6–7. The State, in arguing against petitioner's claim of ineffective assistance based on defense counsel's request of the challenged instruction, found it to its advantage to expressly adopt petitioner's explanation:

[Defense] counsel apparently made a tactical decision to try to ameliorate the instruction proposed by the State[.] At the time, this instruction was standard in this state.

*In re Hagler, supra* at 818. Thus, trial counsel could well have concluded that a direct attack on the instruction was unlikely to succeed. His decision to substitute in its place an instruction more favorable to his client can not be characterized as incompetent.

State's Response to Motion To Strike or Amend Petition, at 6–7. It was in this context that petitioner's proposed instruction was submitted to the court as a compromise instruction by both the prosecutor and defense counsel. Report of Proceedings, at 618–19.

A comparison of the instructions proposed by the defense attorney and the prosecutor supports the conclusion that the defense proposals were offered to improve slightly upon the prosecutor's proposed instruction. Unlike the prosecutor's draft, the two defense drafts included statements that the jury could consider "the ability of Mr. Griffith to form the required intent," Response to Motion To Modify Commissioner's Ruling app. 1, or "the ability of the defendant to form the intent to commit the crimes as alleged," Certified Copy of Defendant's Proposed Supplemental Instructions, instruction 7B. This language, the latter version of which was given by the trial court, qualifies to some extent the otherwise flat irrebuttable presumption contained in the prosecutor's proposed instruction. Since the prosecutor's unconstitutional instruction was unequivocally accepted as the law in this jurisdiction at the time of trial, it would have been futile for the defendant to challenge it. We should not require an attorney in the midst of a murder trial to make futile constitutional challenges, nor should we punish him for trying to secure what little improvement he realistically can in an unconstitutional instruction.

This case falls squarely within an exception to the invited error rule. *See United States v. Squires, supra; see also Huebotter v. Follett,* 27 Cal. 2d 765, 769–70, 167 P.2d 193 (1946).

### III

Since the instruction in this case was unconstitutional, and since petitioner should not be barred from challenging

the instruction by the invited error doctrine, it remains to be determined whether petitioner was actually prejudiced by the erroneous instruction. The burden is on the petitioner in a personal restraint petition to show that the error was prejudicial beyond a balance of the probabilities. In other words, petitioner must show that it was more likely than not that he was prejudiced by the giving of the unconstitutional instruction. *In re Hagler,* 97 Wn.2d 818, 826, 650 P.2d 1103 (1982).

Petitioner has shown that lack of intent and inability to form the requisite intent comprised a major portion of his defense at trial, and was clearly made an issue for the jury by petitioner's own testimony. *See, e.g.,* Report of Proceedings, at 343–44. As petitioner points out in his briefs, the unconstitutional instruction that the law presumes a person to intend the natural and probable consequences of his own acts created a real possibility that the jury could have interpreted the presumption as conclusive.

Although it is not clear from the record whether petitioner was in fact prejudiced by the unconstitutional instruction, he has at least made a prima facie case of prejudice. Twice in the past year this court has held that where we are not convinced from the record that a personal restraint petitioner was prejudiced by an alleged error, but a prima facie case of prejudice has nevertheless been made, the proper course of action is to remand the petition for a full hearing on the merits pursuant to RAP 16.11(a) and RAP 16.12. *In re Reismiller,* 101 Wn.2d 291, 297–98, 678 P.2d 323 (1984); *In re Hews,* 99 Wn.2d 80, 88, 660 P.2d 263 (1983).[1]

## IV

I would hold that the invited error rule does not bar a

---

[1]Only if the trial court or referee finds that the petitioner has shown that he was more likely than not prejudiced by the unconstitutional instruction would it be necessary under our case law to decide whether *Sandstrom* and *Caldwell* apply retroactively to petitioner's trial. *See In re Hagler,* 97 Wn.2d at 825; *but see* 97 Wn.2d at 827–31 (Utter, J., concurring).

challenge to an unconstitutional instruction where the party that offered and then challenged the instruction could not have known at the time he offered it that it was unconstitutional, or when it was offered as a tactical device to improve upon a less favorable prosecution instruction that was either unsuccessfully challenged before the trial court or could not have been successfully challenged under the law as it then stood. I would also hold that the petitioner has made a prima facie showing of prejudice and remand for a full hearing to determine whether petitioner can show that under the facts of this case he was more likely than not prejudiced by the giving of an instruction that both this court and the United States Supreme Court have held unconstitutional.

WILLIAMS, C.J., concurs with UTTER, J.

Reconsideration denied September 4, 1984.