IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 67039-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| MAX ORTIZ-TRIANA, | ) | |
| | ) | |
| Appellant. | ) | FILED: May 9, 2016 |

SCHINDLER, J. — A jury found Max Ortiz-Triana guilty of rape in the second

degree. Ortiz-Triana appealed, arguing the trial court erred in giving the State's

proposed jury instruction on consent and refusing to give the defense jury instruction

clarifying the relationship between the defense of consent and the burden of the State to

prove forcible compulsion. Relying on Supreme Court precedent, State v. Camara, 113

Wn.2d 631, 781 P.2d 483 (1989), and State v. Gregory, 158 Wn.2d 759, 147 P.3d 1201

(2006), we affirmed.[1] State v. Ortiz-Triana, 169 Wn. App. 1026, 2012 WL 2989603, at

*3-*4. In State v. W.R., 181 Wn.2d 757, 770-71, 336 P.3d 1134 (2014), our Supreme

Court held that because consent negates the element of forcible compulsion, shifting

the burden to the defendant to prove consent violates due process, and overruled

---

[1] We also rejected the argument that the trial court erred in failing to give a unanimity instruction
and refusing to instruct the jury on the lesser degree offense of rape in the third degree. State v. Ortiz-
Triana, 169 Wn. App. 1026, 2012 WL 2989603, at *5.

Camara and Gregory. The court granted the petition for review as to the consent instruction and remanded for reconsideration in light of W.R. State v. Ortiz-Triana, 182 Wn.2d 1022, 349 P.3d 819 (2015). On remand, Ortiz-Triana contends he is entitled to reversal because the consent instruction violated his right to due process. The State asserts the doctrine of invited error precludes his challenge to the jury instruction. In the alternative, the State argues the error was harmless. We hold the invited error doctrine does not preclude review and the error was not harmless. We reverse the conviction of rape in the second degree and remand for a new trial.

The facts are set forth in detail in the prior opinion. Ortiz-Triana, 2012 WL 2989603, at *1. The State charged Ortiz-Triana with one count of rape of M.P. in the first degree with a deadly weapon and one count of child molestation of M.P. in the third degree. Ortiz-Triana initially denied having sexual contact with M.P.

At trial, M.P. testified Ortiz-Triana raped her over the course of several hours. M.P. said that during the rape, Ortiz-Triana held a kitchen knife and threatened to kill her. Ortiz-Triana admitted having sexual intercourse with M.P. but testified it was consensual. Ortiz-Triana denied displaying a knife or threatening M.P.

The State proposed an instruction on the defense of consent based on former 11 Washington Practice: Washington Pattern Jury Instructions: Criminal (WPIC) 18.25, at 288 (3d ed. 2008). Former WPIC 18.25 states the defendant bears the burden of proving the defense of consent by a preponderance of the evidence, and if "the defendant has established this defense, it will be your duty to return a verdict of not

guilty."[2]

Defense counsel objected to giving the proposed jury instruction on consent. The attorney argued former WPIC 18.25 did not adequately describe the relationship between the defense of consent and the burden of the State to prove forcible compulsion beyond a reasonable doubt.

> So the obvious concern is, from the Defense perspective, the way the instruction is written is that it confuses the jury into believing that the State does not have a burden or the Defendant has some sort of burden regarding forcible compulsion, which he does not.

The defense proposed an alternative jury instruction. The proposed alternative instruction clarified that even if the defendant did not prove consent, the jury could still consider evidence of consent in determining whether the State proved forcible compulsion beyond a reasonable doubt.

> [T]he reason I propose [the instruction] . . . is to make sure that the jury understands that they can also consider the consent and as far as dealing with forcible compulsion, the State is not relieved of that burden.

The State acknowledged the defense proposed instruction "is an accurate reflection of the law." But the prosecutor argued the instruction was not necessary and deferred to the trial court.

The trial court refused to give the defense proposed instruction on consent. The court concluded the instruction was unnecessary and confusing, "It seems to me that

---

[2] Former WPIC 18.25 states, in pertinent part:

> A person is not guilty of [rape] . . . if the [sexual intercourse] . . . is consensual. Consent means that at the time of the act of [sexual intercourse] . . . there are actual words or conduct indicating freely given agreement to have [sexual intercourse] . . . .
>
> The defendant has the burden of proving that the [sexual intercourse] . . . was consensual by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true. If you find that the defendant has established this defense, it will be your duty to return a verdict of not guilty [as to this charge].

(Emphasis added.)

the WPIC instruction is simpler for the jury." The court instructed the jury on consent

using the instruction proposed by the State.

Jury instruction 14 states:

A person is not guilty of rape if the sexual intercourse is consensual. Consent means that at the time of the act of sexual intercourse there are actual words or conduct indicating freely given agreement to have sexual intercourse.
The defendant has the burden of proving this defense by a preponderance of the evidence. Preponderance of the evidence means that you must be persuaded, considering all the evidence in the case, that it is more probably true than not true. If you find that the defendant has established this defense, it will be your duty to return a verdict of not guilty as to this charge.

The jury found Ortiz-Triana guilty of the lesser degree offense of rape in the

second degree and not guilty of child molestation in the third degree.

On appeal, Ortiz-Triana argued the trial court erred in refusing to give his

proposed alternative jury instruction on consent that clarified the defense of consent and

the State's burden to prove forcible compulsion beyond a reasonable doubt. Relying on

Camara and Gregory, we affirmed. Ortiz-Triana, 2012 WL 2989603, at *3-*4.

In Camara, the Washington Supreme Court held that "while there is a conceptual

overlap between the consent defense to rape and the rape crime's element of forcible

compulsion," placing the burden on the defendant to prove consent by a preponderance

of the evidence did not violate due process. Camara, 113 Wn.2d at 640. In Gregory,

the court expressly declined to overrule Camara and reaffirmed that "due process

permits an instruction requiring the defendant to prove consent." Gregory, 158 Wn.2d

at 802-03.

Ortiz-Triana filed a petition for review. The Washington Supreme Court stayed

the petition pending a decision in W.R.

4

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); U.S. CONST. amend. XIV, § 1 ("No state shall . . . deprive any person of life, liberty, or property, without due process of law.").

In Smith v. United States, ___ U.S. ___, 133 S. Ct. 714, 184 L. Ed. 2d 570 (2013), the Court clarified that due process prohibits the State from shifting the burden of proof to the defendant when an affirmative defense negates an element of the crime charged. The Court held the burden of proving withdrawal from a criminal conspiracy "rested firmly on the defendant" because the defense did not controvert any of the elements of the offense itself. Smith, 133 S. Ct. at 718-19.

In W.R., the court reexamined the relationship between the defense of consent[3] and whether placing the burden of proving consent on the defendant violates due process. The court held consent negates the forcible compulsion element of rape as defined in RCW 9A.44.010(6). W.R., 181 Wn.2d at 765. RCW 9A.44.010(6) defines "forcible compulsion" to mean "physical force which overcomes resistance, or a threat, express or implied, that places a person in fear of death or physical injury to herself or himself or another person, or in fear that she or he or another person will be kidnapped."

> [F]orcible compulsion contemplates force that overcomes actual resistance or threats that place a person in actual fear. There can be no forcible compulsion when the victim consents, as there is no resistance to

---

[3] RCW 9A.44.010(7) defines "consent" to mean that "at the time of the act of sexual intercourse or sexual contact there are actual words or conduct indicating freely given agreement to have sexual intercourse or sexual contact."

5

overcome. Nor is there actual fear of death, physical injury, or kidnapping when the victim consents.

W.R., 181 Wn.2d at 765.

The court held that because consent negates the element of forcible compulsion, shifting the burden to the defendant to prove consent violates due process. W.R., 181 Wn.2d at 765. "[W]hen a defense necessarily negates an element of the crime, it violates due process to place the burden of proof on the defendant." W.R., 181 Wn.2d at 765. The court made clear that "[w]hile the defendant may be tasked with producing evidence to put consent in issue, such evidence need only create reasonable doubt as to the victim's consent." W.R., 181 Wn.2d at 768. The court overruled the decision in Camara and Gregory that consent does not negate forcible compulsion and that the defendant must prove consent by a preponderance of the evidence. W.R., 181 Wn.2d at 771.

The Washington Supreme Court granted the petition for review and remanded for reconsideration in light of W.R. Ortiz-Triana, 182 Wn.2d at 1022. On remand, the State concedes the jury instruction violated due process by requiring Ortiz-Triana to prove consent by a preponderance of the evidence. However, the State maintains we may not review the erroneous instruction because Ortiz-Triana invited the error. In the alternative, the State argues the error was harmless.

Invited Error

The doctrine of invited error is well established in Washington. State v. McNeil, 161 Wash. 221, 223, 296 P. 555 (1931).

> Generally speaking, no rule of law is better established than the rule that a party will not be heard to complain of an error which he induced the trial court to commit. Our own reports are replete with cases where the rule

6

has been applied; so numerous, in fact, are the cases that no specific reference need be made to them.

McNeil, 161 Wash. at 223.

Under the invited error doctrine, a defendant "may not request an instruction and later complain on appeal that the requested instruction was given." State v. Henderson, 114 Wn.2d 867, 870, 792 P.2d 514 (1990)[4] (quoting State v. Boyer, 91 Wn.2d 342, 345, 588 P.2d 1151 (1979)). The invited error doctrine is strictly enforced to prevent "parties from benefiting from an error they caused at trial regardless of whether it was done intentionally or unintentionally." State v. Recuenco, 154 Wn.2d 156, 163, 110 P.3d 188 (2005), rev'd on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006). The doctrine applies to errors of constitutional magnitude. Recuenco, 154 Wn.2d at 163; see also In re Pers. Restraint of Griffith, 102 Wn.2d 100, 101-02, 683 P.2d 194 (1984); Boyer, 91 Wn.2d at 344-45.

In Henderson, the trial court gave the defense proposed WPIC instructions defining burglary. Henderson, 114 Wn.2d at 868. The instructions did not identify the intended crime. Henderson, 114 Wn.2d at 869; see State v. Bergeron, 105 Wn.2d 1, 16, 711 P.2d 1000 (1985) (instructions in burglary prosecution need not specify the intended crime). For the first time on appeal, the defendant argued the trial court erred by not instructing the jury on the intended crime based on case law at the time the defendant committed the offense. Henderson, 114 Wn.2d at 869; see State v. Johnson, 100 Wn.2d 607, 625, 674 P.2d 145 (1983) (instructions in burglary prosecution must specify and define the crimes intended). Our Supreme Court held the alleged error fell squarely within the invited error doctrine and precluded review. Henderson, 114 Wn.2d

---

[4] Emphasis omitted.

at 868. "[E]ven if error was committed, of whatever kind, it was at the defendant's invitation and he is therefore precluded from claiming on appeal that it is reversible error." Henderson, 114 Wn.2d at 870.

Despite generally applying the invited error rule strictly, our Supreme Court has recognized an exception. The court has declined to apply the invited error doctrine where the defendant proposed an erroneous instruction but also proposed an instruction that attempted to remedy or mitigate the error.

In State v. Studd, 137 Wn.2d 533, 538, 973 P.2d 1049 (1999), the court considered six consolidated appeals challenging jury instructions on the law of self-defense. In each case, the defendant challenged giving an instruction based on former WPIC 16.01. WPIC 16.01, at 172 (2d ed. 1994). The former WPIC erroneously did not clarify that "a defendant need not be in actual danger of imminent harm in order to act in self-defense against a perceived aggressor, provided the defendant reasonably believes himself to be in danger." Studd, 137 Wn.2d at 538. Although the error was of constitutional magnitude and presumed prejudicial, the court held the defendants who proposed the erroneous instruction without attempting to add a remedial instruction had invited the error. Studd, 137 Wn.2d at 546-47.

By contrast, the court held the invited error doctrine did not preclude review for the defendants who requested the erroneous instruction but attempted to remedy or clarify the deficient WPIC instruction. Studd, 137 Wn.2d at 552.

> The fact that [the defendant] proposed much the same instruction is no bar to his challenge to it, for he also proposed a curative instruction that was not given and, thus, did not invite the error that he complains of now.
> . . .
> The trial court in [the defendant's] case gave WPIC 16.02 verbatim to the jury, consistent with [the defendant's] request. [The defendant] had,

however, additionally requested an instruction identical to WPIC 16.07 as a curative instruction, and the trial court rejected that request. Thus the ambiguous language of WPIC 16.02 was unmitigated, and the jury might have understood a self-defense claim to require a showing that actual harm was imminent. Because the fatal ambiguity resulted from the State's successful objection to the clarifying instruction that [the defendant] proposed, [the defendant] cannot be said to have invited the error he complains of.

Studd, 137 Wn.2d at 552.[5]

Here, the State argues the invited error doctrine precludes review because the proposed defense consent instruction contained the same erroneous burden of proof. The State's argument ignores the language of the defendant's proposed instruction that attempts to clarify the burden of proof.

The State proposed a consent jury instruction based on former WPIC 18.25. Defense counsel objected to using former WPIC 18.25 and proposed an instruction that attempted to clarify the relationship between the consent defense and the State's burden of proving forcible compulsion within the constraints of Camara and Gregory.

The proposed defense instruction on consent erroneously placed the burden of proof on the defendant, but as the defense attorney explained, the instruction would clarify that even if Ortiz-Triana failed to prove consent by a preponderance of the evidence, the jury could still consider evidence of consent in determining whether the State proved beyond a reasonable doubt that Ortiz-Triana acted with forcible compulsion.

> [T]he obvious concern is, from the Defense perspective, the way the instruction is written is that it confuses the jury into believing that the State does not have a burden or the Defendant has some sort of burden regarding forcible compulsion, which he does not. He does have a burden under the case law — as strongly as I may disagree with the case law, the

---

[5] Internal quotation marks and citation omitted.

case law does say the preponderance of the evidence is on the Defendant to establish the defense of consent.

However, the reason I propose [the alternative instruction] — and it's quoted directly out of State v. Gregory, or at least the way I drafted it is very, very close to State v. Gregory, the portion that I read — is to make sure that the jury understands that they can also consider the consent and as far as dealing with forcible compulsion, the State is not relieved of that burden.

The proposed alternative instruction states:

Consent is an affirmative defense to the crime of rape and the defense bears the burden of proving consent by a preponderance of the evidence. Even if, however, you do not find consent established by a preponderance of the evidence, you may still consider evidence of consent in determining whether or not the defendant acted with forcible compulsion and if you find that there is sufficient evidence to raise a reasonable doubt as to that element, you must acquit the defendant of the charge of rape in the first degree.[6]

The underlined clarifying portion of the defense proposed instruction is consistent with the decision in W.R. that "[w]hile the defendant may be tasked with producing evidence to put consent in issue, such evidence need only create reasonable doubt as to the victim's consent." W.R., 181 Wn.2d at 768.

The record also clearly establishes defense counsel could have done nothing to prevent the trial court from instructing the jury on the consent burden of proof using the State's proposed WPIC instruction. Cf. State v. Vander Houwen, 163 Wn.2d 25, 37, 177 P.3d 93 (2008) (invited error doctrine did not bar review where trial court refused defendant's original proposed instructions and defendant "was faced with either submitting the case to the jury with no justification instruction at all, or else requesting an alternate instruction that, while inadequate, provided at least some support for his defense").

---

[6] Emphasis added.

Because the inclusion of the erroneous burden of proof in the defense proposed instruction did not set up the instructional error, contribute even in part to the error, or mislead the trial court in any manner, we conclude the invited error doctrine does not preclude review.

Harmless Error

In the alternative, the State contends the error was harmless because the to-convict instruction set forth the State's burden to prove forcible compulsion beyond a reasonable doubt, and the instructions directed the jury to consider all the evidence. Because the consent jury instruction violated due process, "reversal is ordinarily the proper remedy unless the State can prove the error was harmless beyond a reasonable doubt." W.R., 181 Wn.2d at 770.

Although W.R. involved a bench trial, the analysis of harmless error provides guidance. In W.R., the defendant initially denied having any sexual contact but later testified at trial that sexual intercourse was consensual. W.R., 181 Wn.2d at 760. At the conclusion of the bench trial, the judge stated credibility was the key issue and the defendant was not credible. W.R., 181 Wn.2d at 761. The judge concluded the State had proved rape in the second degree beyond a reasonable doubt and the defendant failed to prove consent by a preponderance of the evidence. W.R., 181 Wn.2d at 761.

The State argued any error related to the burden of proof on consent was harmless because the trial judge found the defendant's guilt rested on credibility determinations that were not subject to review on appeal. W.R., 181 Wn.2d at 770. The Supreme Court disagreed. The court held that because the trier of fact and the parties were acting under a misunderstanding of the law, the State could not

11

demonstrate beyond a reasonable doubt that consideration of the correct burden of proof would not have "swayed" the decision of the fact finder. W.R., 181 Wn.2d at 770.

> [W]e cannot overlook the fact that the trial judge, in making his credibility determinations, acted within the incorrect framework.
> The defense and prosecution both relied on an incorrect understanding of the law when they fashioned and presented their arguments surrounding consent. Creating a reasonable doubt for the defense is far easier than proving the defense by a preponderance of the evidence. And the trial court's express conclusion was that W.R. did not prove consent. . . . The record does not show any consideration of the interplay between consent and forcible compulsion under the negates analysis, making it impossible for us to conclude beyond a reasonable doubt that a reasonable fact finder would not have been swayed by arguments made using the correct burden of proof.

W.R., 181 Wn.2d at 770.

Here, as in W.R., credibility was a primary issue. Ortiz-Triana initially denied having sex with M.P. but testified at trial that sexual intercourse was consensual. As the court states in W.R., even if the evidence does not establish consent by a preponderance, it may still be sufficient to raise a reasonable doubt on the element of forcible compulsion. See W.R., 181 Wn.2d at 766 ("credible evidence of consent necessarily raises doubt as to the defendant's guilt"). While the to-convict instruction informed the jury the State had the burden of proving forcible compulsion, the instructions provided no guidance on the correct relationship between consent and forcible compulsion. Nor did the instructions suggest or clarify how the jury was to assess the evidence of consent if it found Ortiz-Triana failed to prove consent by a preponderance of the evidence.

As in W.R., because the trier of fact "acted within the incorrect framework," the record does not establish beyond a reasonable doubt that an understanding of the correct burden of proof would not have affected the outcome. W.R., 181 Wn.2d at 770.

12

We reverse Ortiz-Triana's conviction and remand for a new trial.

WE CONCUR: