[No. 206-41237-3.    Division Three.    October 9, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN M. SKIN-NER, *Appellant*.

*Jack E. Tanner*, for appellant (appointed counsel for appeal).

*Clarence J. Rabideau, Prosecuting Attorney*, for respondent.

MUNSON, J.—Defendant appeals from a conviction on a charge of grand larceny for purse snatching.

The first issue presented is whether a juvenile court's determination concerning another (not this defendant) is sufficient, under the theory of collateral estoppel, to bar, in a subsequent action, defendant Skinner's conviction upon the same evidence. We do not reach this issue. All that is before this court concerning the juvenile court's determination are the petition and the corresponding determination, both of which relate to the *participation* in the purse snatching of the person named therein and not the actual theft of the purse for which Skinner was convicted. In addition, the juvenile in question was called by the defense as a witness and asked five questions—none of which pertained to the theft of the purse. In the instant case the juvenile court's record is not before this court on appeal and without its presence there is no possibility of applying

the constitutional doctrine espoused in *Ashe v. Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469, 90 S. Ct. 1189 (1970); *State v. Hite*, 3 Wn. App. 9, 472 P.2d 600 (1970); and *State v. Harris*, 2 Wn. App. 272, 469 P.2d 937 (1970), relied upon by defendant.

The second issue presented is whether the trial court was arbitrary and capricious in failing to grant defendant probation. Defendant relies primarily on *State v. Potts*, 1 Wn. App. 614, 464 P.2d 742 (1969), wherein the trial court orally granted probation to the defendant and subsequently, without any explanation, withdrew his oral judgment and sentenced the defendant to the custody of the Department of Institutions. Such is not the case here. After a verdict of guilty and denial of posttrial motions, the matter came before the trial court for sentencing. The trial court was advised of an agreement reached between counsel for defendant and the prosecuting attorney some months before trial whereby if defendant pled guilty, the prosecutor would recommend probation. Even under those circumstances, a recommendation would not be binding upon the court. Furthermore, defendant herein did not plead guilty but put the state to the burden of proving its case to a jury. Hence, the state was not required, and did not, after trial, submit such a recommendation to the trial court. *Darnell v. Timpani*, 68 Wn.2d 666, 668, 414 P.2d 782 (1966). Defendant's trial counsel did, at the time of sentencing, request the trial court to exercise its discretion and place defendant on probation. This the trial court chose not to do.

As an adjunct to this issue, defendant also contends the failure of the trial court to request a presentence investigation before passing sentence exhibits the failure of the trial court to exercise any discretion. With this we cannot agree. There is no legal requirement that a presentence investigation be conducted before sentencing. The trial lasted 4 days. Defendant testified in his own behalf. During the trial, the court observed defendant's attitudes concerning the proceedings and the act which gave rise

to them. Defendant's trial counsel (not counsel on appeal) commented to the trial court on defendant's bitterness during his request for probation.

Probation is not a right, but a matter of privilege or clemency. The granting or revoking of a probationary status is a determination that rests exclusively within the trial court's discretion. *State v. Riddell*, 75 Wn.2d 85, 449 P.2d 97 (1968). We find no abuse of discretion by the trial court in the instant case.

There is in the record colloquy between defendant's trial counsel and the court concerning a third person who allegedly had influence over defendant and inferentially advised defendant not to plead guilty but to go to trial. It would also appear this same person had written a letter to the trial court ostensibly on behalf of defendant. Defendant's trial counsel was most critical in his remarks to the court about this third person's conduct, influence, and advice; comments with which the trial court appeared to be in agreement. Some of this advice appeared to be contrary to that of defendant's counsel. On appeal, defendant's present counsel alleges that the actions of this third party influenced the trial court and the exercise of its discretion in sentencing defendant. From our reading of the record, we do not find those allegations, nor the colloquy, lead to the conclusion of influence. It appears from the record the trial court was clearly able to distinguish the actions of the third party from that of defendant. We find the third party's actions did not influence or contribute to the decision of the trial court to impose a penal sentence.

Judgment affirmed.

EVANS, C. J., and GREEN, J., concur.

Petition for rehearing denied November 13, 1970.

Review denied by Supreme Court December 21, 1970.