[No. 4923–0–III.   Division Three.   April 7, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD
JOY, *Appellant.*

*J. Scott Timmons,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Pamela Cameron, Deputy,* for respondent.

ROE, C.J.—Ronald Joy appeals the revocation of his probation and deferred sentence and sentencing to the Department of Institutions.

In October 1979, Joy was found guilty of first degree burglary. On January 29, 1980, the court ordered Joy's sentence deferred and placed him on 7 years' probation. A year and a half later, the State moved to revoke Joy's probation for violations, including disorderly conduct and driving while license suspended/revoked. The motion was denied,

and Joy was ordered to participate in an alcohol treatment program which he did not successfully complete.

In November 1981, the State again moved to revoke Joy's probation. The basis for the motion included (1) defendant's failure to enter and successfully complete an alcohol treatment program, (2) defendant's failure to take monitored Antabuse, (3) defendant's commission of the crimes of driving while intoxicated and driving while license suspended, and (4) defendant's consumption of alcohol. The criminal charges and drinking violations were part of the same incident.

Joy admitted the probation violations. Consequently, the court revoked Joy's probation and sentenced him to a maximum term of "not more than life". The parole board set his term at 87 months in a less secure facility.

The sole issue on appeal is whether the court abused its discretion in revoking defendant's probation and sentencing him to not more than life.

Probation is not a matter of right. It is a matter of privilege. *State v. Blight,* 89 Wn.2d 38, 569 P.2d 1129 (1977). It is a matter which rests in the trial court's discretion, which, on review, will be disturbed only by showing manifest abuse of discretion. *Blight.* "[D]iscretion is abused only where it can be said no reasonable man would take the view adopted by the trial court." *Blight,* at 41. Sentencing is also a matter which rests in the trial court's discretion. *Blight.*

Here, the trial court revoked defendant's probation based on several proven probation violations. At the hearing, Joy's probation officer recommended the probation be revoked and sentence imposed. The judge pointed out he originally granted probation against his better judgment and conditioned the grant on completion of an alcohol treatment program. He made it clear his decision to revoke probation was not made because Joy continued to drink

alcohol, but because Joy continued to disregard the rules of probation. Based on the evidence, we find the court did not abuse its discretion in revoking Joy's probation.

■ After revoking probation, the trial court sentenced Joy to a maximum term of not more than life for the first degree burglary, a class A felony. In Washington, the trial court determines only the maximum sentence. RCW 9.95-.010. At the time Joy committed his crime, a class A felony was punishable "by imprisonment in a state correctional institution for a maximum term fixed by the court of not less than twenty years . . ." Former RCW 9A.20.020(1)(a), enacted by the Laws of 1975, 2d Ex. Sess., ch. 38, § 2, p. 153, amended by the Laws of 1981, ch. 137, § 37, p. 534. (Amendment did not affect maximum term for a class A felony.) In addition, RCW 9.95.010 states in part:

> The maximum term to be fixed by the court shall be the maximum provided by law for the crime of which such person was convicted, if the law provides for a maximum term. If the law does not provide a maximum term for the crime of which such person was convicted the court shall fix such maximum term, *which may be for any number of years up to and including life imprisonment* but in any case where the maximum term is fixed by the court it shall be fixed at not less than twenty years.

(Italics ours.) The trial judge acted entirely within his statutory authority to impose a sentence of not more than life for first degree burglary. We agree with those courts which have held there can be no review of discretion and sentencing when the judge acts within a constitutional statutory scheme. *United States v. Holman,* 436 F.2d 863 (9th Cir. 1970), *cert. denied,* 402 U.S. 913, 28 L. Ed. 2d 655, 91 S. Ct. 1394 (1971); *United States v. Tramunti,* 513 F.2d 1087 (2d Cir.), *cert. denied,* 423 U.S. 832, 46 L. Ed. 2d 50, 96 S. Ct. 54 (1975). Since the trial court acted within its authority, the sentencing was proper.

The sentencing of the trial court is affirmed.

GREEN and McINTURFF, JJ., concur.