# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,          )
                              )     No. 68653-4-I
              Respondent,     )
                              )     DIVISION ONE
       v.                     )
                              )     UNPUBLISHED OPINION
S.K.,                         )
                              )
              Appellant.      )     FILED: September 23, 2013
_____)

APPELWICK, J. — S.K. appeals his conviction for residential burglary. He argues that he was deprived of his right to present a defense when the trial court excluded the testimony of his expert witness. We affirm.

## FACTS

James Nguyen returned home on September 9, 2011 to find his home burglarized. Several rooms were ransacked, and many of his family's possessions were gone. Nguyen had a television in his basement that was normally mounted to the wall, but that he found lying on the floor. King County Sheriff's Deputy Jeremy Davy inspected the television and found latent prints. Because the prints were visible to the naked eye and developed quickly, Deputy Davy determined that they were recent. He was able to collect six prints from the television.

King County Print Examiner Cynthia Zeller analyzed the prints, and compared them to a list of candidates produced by the Automated Fingerprint Identification System (AFIS). S.K. was among the candidates. To compare the prints, Zeller conducted a friction ridge analysis. Friction ridge skin is a raised section on the underside of the hand that creates a unique pattern in every individual. The friction ridge analysis of S.K.'s AFIS prints and the prints from the television resulted in a

match. Zeller then took new prints from S.K., and compared them to the prints from the television. They were again a match.

S.K. moved for a Frye[1] hearing on the admissibility of friction ridge analysis and sought to exclude Zeller's testimony. In his motion, S.K. relied on the literature of Dr. Simon Cole, a criminology professor with a Ph.D. in science and technology studies. The court denied the motion, concluding that friction ridge analysis is accepted in the relevant scientific community. The court further noted that Dr. Cole was not a member of that community.

S.K. sought to call Dr. Cole to testify at trial. When the court inquired about the nature of his testimony, S.K. responded that Dr. Cole would "assess the weight" of Zeller's conclusions and whether they were supported by scientific validation. S.K. conceded that Dr. Cole would not testify about the specifics of Zeller's performance of the analysis. The court excluded Dr. Cole's proffered testimony, finding that S.K. was merely renewing his Frye challenge. The court found S.K. guilty of residential burglary. S.K. timely appealed.

DISCUSSION

S.K. argues that, because the excluded evidence went "to the heart of the defense case," its exclusion had constitutional implications. As a general rule, when a defendant claims a denial of constitutional rights, our review is de novo. State v. Iniguez, 167 Wn.2d 273, 280, 217 P.3d 768 (2009). However, when the defendant claims a violation of his right to present a case by offering expert testimony, Washington courts have "repeatedly followed" an abuse of discretion standard. State v. Lewis, 141

---

[1] Frye v. Unite States, 293 F. 1013, 1014 (D.C. Cir. 1923).

Wn. App. 367, 385, 166 P.3d 786 (2007). Cf. State v. Jones, 168 Wn.2d 713, 719, 230 P.3d 576 (2010) (reviewing de novo where defendant alleged violation of right to testify or cross-examine witnesses).

In addition, he contends that the trial court's exclusion of the expert testimony was an abuse of discretion. An abuse of discretion occurs when no reasonable person would take the view adopted by the trial court. State v. Castellanos, 132 Wn.2d 94, 97, 935 P.2d 1353 (1997). S.K. argues that the trial court erred when it found Dr. Cole's proposed testimony irrelevant. He contends that the testimony was in fact relevant, because it would have questioned Zeller's specific methods in this case and demonstrated the fallibility of latent print analysis in general.

A witness with scientific, technical, or other specialized knowledge may testify thereto if the testimony will be helpful to the trier of fact and the witness is qualified as an expert by knowledge, skill, experience, training, or education. ER 702. Practical experience is sufficient to qualify a witness as an expert. State v. Ortiz, 119 Wn.2d 294, 310, 831 P.2d 1060 (1992). An otherwise qualified witness may not testify about an issue that lies outside the witness's area of expertise. State v. Weaville, 162 Wn. App. 801, 824, 256 P.3d 426 (2011).

Testimony must be relevant to be admissible. ER 402. Evidence is relevant if (1) it tends to prove or disprove the existence of a fact and (2) that fact is of consequence to the outcome of the case. ER 401; Davidson v. Municipality of Metro. Seattle, 43 Wn. App. 569, 573, 719 P.2d 569 (1986). A defendant has no right to have irrelevant evidence admitted in his or her defense. State v. Darden, 145 Wn.2d 612, 624, 41 P.3d 1189 (2002).

When the court denied S.K.'s motion for a Frye hearing, it expressly found that friction ridge analysis is accepted in the relevant scientific community. That decision has not been appealed. Dr. Cole's opinion about whether such analysis is reliable is thus no longer relevant.

The remaining question was whether Dr. Cole was competent to question the reliability of Zeller's specific process. When the court inquired on this point, S.K. admitted that Dr. Cole "would not testify that he did his own comparison or that they specifically did this comparison wrong. He can only testify to what their conclusion can mean." The trial court concluded Dr. Cole was not qualified to draw his own conclusions about the accuracy of Zeller's print analysis. We agree.

The trial court did not err when it excluded his testimony. S.K. has not suffered a constitutional violation.

We affirm.

WE CONCUR: