[Nos. 10755–8–III; 10576–8–III.   Division Three.   July 16, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES LEROY KITCHEN, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. JERRY ROGER KITCHEN, *Appellant.*

*Rick L. Hansen* and *Rakow & Hansen,* for appellants.

*Gerald A. Matosich, Prosecuting Attorney,* for respondent.

THOMPSON, J.—Jerry Roger Kitchen was found guilty on December 21, 1989, of delivery of a controlled substance, cocaine. On February 12, 1990, James Leroy Kitchen was found guilty of the same crime. In these consolidated appeals, they challenge for the first time the sufficiency of the informations charging them with these offenses. We reverse because the informations did not allege a nonstatutory element of the offense: that the defendants acted with guilty knowledge, *i.e.,* an understanding of the identity of the product being delivered.

 The information must apprise the defendant of the elements of the crime charged and the conduct of the defendant which is alleged to have constituted that crime. *State v. Kjorsvik,* 117 Wn.2d 93, 98, 812 P.2d 86 (1991) (citing *State v. Leach,* 113 Wn.2d 679, 689, 782 P.2d 552 (1989)).

Under *Kjorsvik,* all essential elements of a crime, statutory or otherwise, must be included in the charging document. The court stated at page 101:

It is neither reasonable nor logical to hold that a *statutory* element of a crime is constitutionally required in a charging document, but that an *essential* court–imposed element of the crime is not required, in light of the fact that the primary purpose of such a document is to supply the accused with notice of the charge that he or she must be prepared to meet. Statutory elements are, of course, easier to ascertain since the statutes are usually cited in the charging document, whereas court–imposed elements must be discovered through at least cursory legal research. This court has stated that defendants should not have to search for the rules or regulations they are accused of violating. We therefore conclude that the correct rule is that *all* essential elements of an alleged crime must be included in the charging document in order to afford the accused notice of the nature of the allegations so that a defense can be properly prepared.

(Footnotes omitted.)

■ RCW 69.50.401(a) defines the crime of unlawful delivery of a controlled substance as follows: "Except as authorized by this chapter, it is unlawful for any person to . . . deliver . . . a controlled substance." While the statute does not expressly include an intent requirement, in *State v. Boyer*, 91 Wn.2d 342, 344, 588 P.2d 1151 (1979), the court held that guilty knowledge is intrinsic to the definition of the crime of delivery. The information charging Jerry Kitchen alleged only:

[O]n or about October 8, 1988, in Klickitat County, Washington, you delivered a controlled substance, to–wit: Cocaine to an undercover agent, contrary to RCW 69.50.401(a)(1)(i) . . ..

Similarly, the information charging James Kitchen alleged:

[O]n or about October 3, 1987, in Klickitat County, Washington, you delivered a controlled substance, to–wit: Cocaine to an undercover agent, contrary to RCW 69.50.401(a)(1)(i) . . ..

Neither information alleged the defendants acted with guilty knowledge.

■ The State urges us to liberally construe the informations because the Kitchens waited until appeal to challenge their sufficiency. *Kjorsvik*, at 105 adopted a rule of liberal construction in such situations. On review this court asks:

(1) [D]o the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

*Kjorsvik,* at 105–06.

Here, the statutory references in the informations are not helpful because the statute itself does not set forth the element of guilty knowledge. Nor do the allegations that defendants delivered cocaine to undercover agents remedy the complaints' shortcomings. Nothing contained in that statement implies the defendants knew the identity of the substance delivered. The informations neither expressly nor impliedly include the court–imposed element of guilty knowledge.

■ Since the informations are defective, the convictions obtained thereunder must be reversed and the charges dismissed. *See State v. Holt,* 104 Wn.2d 315, 323, 704 P.2d 1189 (1985).

GREEN, C.J., and SHIELDS, J., concur.