[Nos. 57661-1, 57672-6.   En Banc.   May 21, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD D. SIMS, *Petitioner.*

THE STATE OF WASHINGTON, *Respondent,* v. BARBARA LEONARD, *Petitioner.*

---

*Patricia Novotny* of *Washington Appellate Defender Association,* for petitioners.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine* and *Kevin M. Korsmo, Deputies,* for respondent.

BRACHTENBACH, J. — The two defendants were charged in a single information with two counts concerning a controlled substance. Count 1 charged possession of a controlled substance with intent to manufacture or deliver and count 2, possession of a controlled substance.

The main issue is whether the information was constitutionally sufficient to charge a crime under RCW 69.50-.401(a). The Court of Appeals held the information was sufficient as to both defendants. We affirm.

Defendants were charged in a single information:

COUNT I: POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO MANUFACTURE OR DELIVER, committed as follows: that the defendants, on or about the 6th day of February, 1987, did unlawfully possess, with intent to manufacture or deliver, a controlled substance, to-wit: marijuana, the defendants being at said time armed with a deadly weapon to-wit: a .22 calibre Derringer; an Ingraham Mac. 11 .380 semi-automatic pistol; a 30-30 Winchester rifle; a 12 gauge pump shotgun; a rifle; a .22 single shot shotgun; one large buck knife; and one bow with five arrows, as defined by RCW 9.94A.125 and 9.94A.310; proscribed by RCW 69.50-.401(a), a felony; and

COUNT II: POSSESSION OF A CONTROLLED SUBSTANCE, committed as follows: that the defendants, on or about the 6th day of February, 1987, did unlawfully possess a controlled substance, to-wit: marijuana, in a quantity of more than 40 grams; proscribed by RCW 69.50.401(d), a felony.

Clerk's Papers of defendant Sims, at 55; Supplemental Clerk's Papers of defendant Leonard, at 2.

The defendants' trials were severed; each was convicted as charged. No challenge to the sufficiency of the information was made at trial. In both cases, the trial courts dismissed the simple possession charge, reasoning that it merged with the charge of possession with intent to manufacture or deliver.

Defendant Sims raised a single issue in the Court of Appeals: The information is constitutionally defective because it omits an essential element of the crime. Defendant Leonard also raised a single issue: In a prosecution of a controlled substance with intent to manufacture or deliver while armed with a deadly weapon where the defendant was found to be in constructive possession of a handgun, must the prosecution prove the handgun was operable?

The Court of Appeals affirmed defendant Sims' conviction in *State v. Sims*, 59 Wn. App. 127, 796 P.2d 434 (1990), *review*

*granted*, 117 Wn.2d 1008 (1991). Defendant Leonard's conviction was affirmed by a commissioner's ruling on the State's motion on the merits. Leonard's challenge to the sufficiency of the information was raised for the first time in a motion to modify the ruling on the motion on the merits. The Court of Appeals denied Leonard's motion in view of its decision in *Sims*.

Each defendant petitioned for review, limited solely to sufficiency of the information. The only issue before the court is: When challenged for the first time on appeal, is an information constitutionally sufficient where it charges that "defendants, on or about the 6th day of February, 1987, did unlawfully possess, with intent to manufacture or deliver, a controlled substance, to-wit: marijuana . . ."?

The appropriate question when the constitutionality of a charging information is first raised on appeal is:

> (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

(Footnote omitted.) *State v. Kjorsvik*, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991).

Defendants were charged with possession of a controlled substance with intent to manufacture or deliver. The statutory elements of the crime are (1) unlawful possession (2) with intent to manufacture or deliver (3) a controlled substance, to wit: marijuana. RCW 69.50.401(a).

Defendants argue that this crime has an additional, common law element, "guilty knowledge" of the nature of the controlled substance. In *State v. Boyer*, 91 Wn.2d 342, 344, 588 P.2d 1151 (1979), this court held that guilty knowledge, *i.e.*, an understanding of the identity of the product being delivered, must be proven beyond a reasonable doubt to convict a defendant of unlawful delivery of a controlled substance under RCW 69.50.401(a). Defendants contend that under *Boyer*, guilty knowledge is an essential element of the

crime of unlawful possession with intent to manufacture or deliver a controlled substance and therefore must be included in the information. To date, *Boyer* has not been applied to the crime of unlawful possession of a controlled substance with intent to manufacture or deliver.

■ The *Boyer* requirement is not applicable to the crime charged here.[1] The statutory elements of the crime of unlawful possession of a controlled substance with intent to manufacture or deliver include the requisite mental state, *i.e.*, the *intent* to manufacture or deliver a controlled substance.

It is impossible for a person to intend to manufacture or deliver a controlled substance without knowing what he or she is doing. By intending to manufacture or deliver a controlled substance, one necessarily knows what controlled substance one possesses as one who acts intentionally acts knowingly. RCW 9A.08.010(1)(a), (2). Without knowledge of the controlled substance, one could not intend to manufacture or deliver that controlled substance. Therefore, there is no need for an additional mental element of guilty knowledge.

Where one merely possesses a controlled substance without the statutory element of intent, one is guilty of simple possession under RCW 69.50.401(d), absent unwitting possession. *See State v. Cleppe*, 96 Wn.2d 373, 378-81, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982).

In summary, the common law element of "guilty knowledge" required by *Boyer* for the crime of unlawful delivery of a controlled substance is not an additional element which must be proved to convict of the crime of unlawful possession of a controlled substance with intent to manufacture or deliver the controlled substance. Because all of the statutory elements of the crime are contained in the information, all of the essential elements of the crime were charged:

---

[1] We note that the *Boyer* requirement is still applicable to the crime of unlawful delivery of a controlled substance under RCW 69.50.401(a). *State v. Johnson*, 119 Wn.2d 143, 829 P.2d 1078 (1992).

Possession with intent to manufacture or deliver a controlled substance.[2]

All of the essential elements were clearly charged. There is no vague or inartful language in the information which might have resulted in a lack of notice to defendants of the charges against them. Therefore, analysis under the second prong of *Kjorsvik* is not appropriate.

The convictions are affirmed.

DORE, C.J., and UTTER, DOLLIVER, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

Reconsideration denied July 15, 1992.

---

[2]Defendants, at the last possible moment, attempt to raise an additional issue relating to the failure to instruct the jury on "guilty knowledge" as an element of the crime of possession with intent to manufacture or deliver a controlled substance. In light of our holding that "guilty knowledge" is not a common law element of the crime charged, the issue is without merit.