[No. 28546-7-I.   Division One.   May 17, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD TODD JOHNSON, *Appellant.*

*Dawn Monroe* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *David F. Thiele, Deputy,* for respondent.

GROSSE, J. — Ronald Todd Johnson appeals his conviction for delivery of a controlled substance claiming the information charging him with the crime was constitutionally defective because it omits the essential element of guilty knowledge. The information stated in pertinent part:

> [T]he defendant, on or about the 8th day of February, 1990, did unlawfully deliver a controlled substance, to wit: cocaine; proscribed by RCW 69.50.401(a), a felony.

At trial Johnson's defense was entrapment.

Johnson claims the charging document/information was insufficient because it only alleges that he "unlawfully" delivered cocaine and did not specify that he knew the identity of the substance delivered.

In *State v. Kjorsvik*, 117 Wn.2d 93, 812 P.2d 86 (1991), the Supreme Court held that all essential elements of a crime, statutory or court imposed, must be included in the information in order to give a defendant proper notice of the nature and cause of the accusation against him or her. The recent case of *State v. Johnson*, 119 Wn.2d 143, 829 P.2d 1078 (1992) upheld the holding in *State v. Boyer*, 91 Wn.2d 342, 588 P.2d 1151 (1979), that although the statute does not expressly require any intent for simple delivery, " 'guilty knowledge, an understanding of the identity of the product being delivered, is a part of the crime.' " *Johnson*, 119 Wn.2d at 146 (quoting *Boyer*, 91 Wn.2d at 344). *See State v. Cleppe*, 96 Wn.2d 373, 635 P.2d 435 (1981) (guilty knowledge is an implicit element of the crime of "delivery", but not simple "possession", of a controlled substance), *cert. denied*, 456 U.S. 1006 (1982). *See also State v. Sims*, 119 Wn.2d 138, 142 n.1, 829 P.2d 1075 (1992).

When a defendant raises a challenge to an information for the first time on appeal, the information is reviewed under a 2-prong test:

> (1) do the necessary facts appear in any form, or by fair construction can they be found, in the charging document; and, if so, (2) can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice?

(Footnote omitted.) *Kjorsvik*, 117 Wn.2d at 105-06.

The defendant relies on *State v. Kitchen*, 61 Wn. App. 915, 812 P.2d 888, *review denied*, 117 Wn.2d 1019 (1991), which held that the information there contained nothing to imply the defendants knew the identity of the substance delivered. In *Kitchen*, as to knowledge, the information only charged, "you delivered a controlled substance". *Kitchen*, at 917. The facts and wording in the *Kitchen* information are different from those in this case. Here, "unlawful" delivery was alleged.

■ There is precedent for construing the term "unlawfully" as sufficient to withstand a challenge to an information where that challenge is raised for the first time on appeal. The Washington State Supreme Court has held "unlawfully" sufficient to allege intent, unless there is prejudice to the defendant. *See, e.g., Kjorsvik*, 117 Wn.2d at 110-11. Additionally, despite its reaffirmation of *State v. Boyer, supra*, the reasoning of the court in *Sims* is analogous to the circumstance here. Use of the word "unlawfully" necessarily implies guilty knowledge that the delivered substance is a controlled substance under the statute. Given the *Kjorsvik* rule of liberal construction we think it enough to pass the first test established in *Kjorsvik*. In *Johnson*, the Supreme Court held, "We do not, therefore, hold 'unlawfully', standing alone, will never be enough to allege knowledge." *Johnson*, 119 Wn.2d at 148-49.

■ We grant that the wording of the information, using only the word "unlawfully", is not particularly "artful". However, Johnson must meet the second prong of the *Kjorsvik* test by proving this omission was prejudicial to his defense. It is only those charging instruments which fail to set forth an essential element of a crime in such a way that a defendant is not afforded notice of the illegal conduct and the crime for which he is charged that require dismissal. *State v. Hopper*, 118 Wn.2d 151, 155-56, 822 P.2d 775 (1992).

In the case before us, Johnson did not even allege prejudice. His defense was entrapment. An independent review of

the record shows Johnson admitted delivering cocaine.[1] Johnson was initially contacted by undercover officers at a restaurant. Once outside the building, the undercover officers initially indicated a desire for marijuana. Johnson responded he was not sure he could get them (the officers) as much as they wanted, but accepted a ride back to his apartment. On the ride back to the apartment, and, after inquiry about cocaine from the officers, Johnson stated he could get cocaine easier than marijuana. He proceeded to procure the cocaine through his roommate who got it from someone else in the same apartment complex. Thus, the record shows no actual prejudice to Johnson as the result of an inartful information.

For the above reasons, the conviction is affirmed.

PEKELIS, A.C.J., and COLEMAN, J., concur.

---

[1] Johnson acknowledged that the substance he delivered was, in fact, cocaine. Johnson testified: "They knew exactly where I had gotten the coke that I gave them, . . .".