# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51732-9-II |
| Respondent, | |
| v. | |
| KENNETH LEE KYLLO, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Kenneth Kyllo appeals after a jury convicted him of two counts of unlawful possession of a controlled substance with intent to deliver. He argues that he received ineffective assistance of counsel because his lawyer submitted an unwitting possession jury instruction, and the court gave it. Kyllo also contends that the trial court erred by failing to exclude evidence seized pursuant to a search warrant and that the trial court violated his right to counsel. Lastly, he argues the court's reasonable doubt jury instruction violated his right to due process. Kyllo also raises a number of issues in his statement of additional grounds (SAG).

We affirm the convictions.

## FACTS

In April 2017, Washington State Patrol Trooper Phillip Thoma applied for a warrant to search a hotel room in Kelso. Thoma's affidavit in support of the warrant stated that he met with a confidential informant (CI) on April 19. While in room 203 of a Kelso hotel within 72 hours of his statement, the CI saw approximately eight ounces of heroin on a table. The CI further related that the heroin belonged to Kyllo. The CI identified Kyllo from a police photograph. Thoma

asserted in the affidavit that the CI had conducted multiple controlled buys for law enforcement and had previously provided information that had proven to be correct and reliable. The reviewing judge approved the warrant which authorized law enforcement to search the hotel room and Kyllo for controlled substances, paraphernalia, cash, and various other items such as computers, cell phones, and media storage devices.

Police executed the search warrant that same day. Officers knocked and announced they had a search warrant. No one answered the door, and, after hearing rustling coming from inside the room, officers forcibly entered.

Upon entry, officers saw a man, later identified as Thomas Wiggins, sitting at a table, and a woman, later identified as Nichole Williams, standing between the two beds in the room. Officers also saw Kyllo holding a backpack and running toward a back window. Thoma ran after Kyllo and repeatedly told him to stop. Kyllo threw the backpack out the window and then Thoma detained him.

Kelso Police Sergeant Kimber Yund was outside of the hotel room and retrieved the backpack after seeing it drop from the window. Thoma later searched the backpack and found a digital scale with brown residue, packaging material, $4,800 in cash, approximately nine ounces of heroin, and prescription pill bottles with Wiggins's name on them. The heroin was packaged in nine separate bags, each weighing approximately one ounce.

During a search of the hotel room, police found methamphetamine, heroin, drug paraphernalia, a pay/owe sheet,[1] a wallet containing Kyllo's identification, and another pay/ owe

---

[1] A "pay/owe sheet" is documentation used by drug dealers to document drug sales. They typically contain names and amounts owed to a drug dealer.

sheet on the table where Wiggins had been sitting. Police also found heroin, packaging material, and drug paraphernalia on, and in, the nightstand close to where Williams had been standing.

The State charged Kyllo with two counts of unlawful possession of a controlled substance with intent to deliver, one for methamphetamine and the other for heroin. Before trial, Kyllo moved in limine to exclude testimony that officers were executing a search warrant to look for Kyllo and controlled substances, arguing that the testimony would be prejudicial. The trial court denied the motion in limine. The matter proceeded to trial, at which witnesses testified consistent with the facts above. Additionally, several police officers testified that they went to the hotel room to find Kyllo and controlled substances.

Kyllo testified that Wiggins invited him to the hotel room and that he was just a guest. He further related he had no knowledge that any drugs were in the room until after police arrived. Kyllo said that he threw the backpack out the window after Wiggins tossed him the backpack and told him to do it.

The trial court provided "to-convict" jury instructions for both counts of unlawful possession of a controlled substance with intent to deliver that stated, in relevant part, that the State had to prove beyond a reasonable doubt that "the defendant possessed the [controlled] substance with the intent to deliver a controlled substance." Clerk's Papers (CP) at 36, 38. The trial court also instructed the jury that "[a] person acts with intent or intentionally when acting with the objective or purpose to accomplish a result that constitutes a crime." CP at 34.

The court instructed the jury on unwitting possession, as proposed by Kyllo's lawyer. The State agreed that the instruction was appropriate. It read,

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did not know that the substance was in his possession or did not know the nature of the substance.

3

The burden is on the defendant to prove by a preponderance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

CP at 39.

The trial court provided the jury with a standard reasonable doubt jury instruction that stated, in part, "If, from such consideration, you have an abiding belief in the truth of the charge, you are satisfied beyond a reasonable doubt." CP at 27.

During closing argument, the State said that the Drug Task Force went to the hotel to execute a search warrant. "They went to room 203 of that hotel looking for two specific things: drugs and the Defendant, Ken Kyllo." Report of Proceedings (RP) (Feb. 16, 2018) at 111.

Defense counsel stated in closing argument that the State had the burden to prove Kyllo possessed the controlled substances with the intent to deliver the substances. Defense counsel discussed the definitional instruction for intent and reminded the jury that the State had the burden to prove intent. Defense counsel reiterated that the State carried the burden to prove intent despite the unwitting possession jury instruction, stating, "And if you believe my client possessed it then there is a defense, if proven, that the defense [sic] was—the possession was unwitting. If we haven't met that burden, they still have to prove that the possession was done with a specific intent to deliver." RP (Feb. 16, 2018) at 127. Defense counsel argued that Wiggins's and Williams's presence in the hotel room created a reasonable doubt that Kyllo was the person in possession of the drugs found in the room.

In rebuttal, the State argued that the jury should consider the fact that police went to the hotel room to look for Kyllo, rather than the other individuals who were in the room, and should consider this fact when evaluating the argument that another individual may have possessed the drugs found in the hotel room.

4

The jury returned verdicts finding Kyllo guilty of both counts of unlawful possession of a controlled substance with intent to deliver.

At a hearing prior to sentencing, Kyllo personally addressed the trial court and requested a new trial. He also asked for new counsel based on alleged ineffective assistance at trial. Kyllo asserted that his defense counsel had urged him not to accept a plea offer from the State, failed to call a key witness to testify at trial, and failed to request a lesser-included jury instruction.

The trial court denied Kyllo's requests for a new trial and for a new attorney. It reasoned that these claims would be best addressed through the appellate process. Kyllo appeals.

ANALYSIS

I.    INEFFECTIVE ASSISTANCE OF COUNSEL

Kyllo contends that he received ineffective assistance of counsel because his lawyer proposed an unwitting possession jury instruction for his charges of unlawful possession of a controlled substance with intent to deliver. We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee a criminal defendant's right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). To prevail on his claim of ineffective assistance of counsel, Kyllo must show both that his counsel's representation was deficient and that the deficient representation resulted in prejudice. *Estes*, 188 Wn.2d at 457-58. Representation is deficient if, after consideration of the circumstances, "it falls 'below an objective standard of reasonableness.'" *Estes*, 188 Wn.2d at 458 (quoting *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). A strong presumption exists that counsel's representation was reasonable. *Estes*, 188 Wn.2d at 458. Performance is not deficient when the lawyer's conduct involves legitimate trial strategy or tactics. *Estes*, 188 Wn.2d at 458.

Prejudice exists if there is a reasonable probability that the outcome of the proceeding would have differed had counsel not rendered deficient performance. *Estes*, 188 Wn.2d at 458. Reasonable probability in this context means a probability sufficient to undermine confidence in the outcome of the trial. *Estes*, 188 Wn.2d at 458.

The State concedes that defense counsel rendered deficient performance by proposing an unwitting possession jury instruction. We reject the State's concession. The lawyer made a reasonable tactical decision in requesting the unwitting possession instruction.

Although a trial court may not have to instruct the jury on unwitting possession when a defendant is charged with possession with intent to deliver, a defense lawyer is not deficient for requesting the instruction if it is consistent with the asserted defense and made for legitimate tactical reasons.[2]

The State has the burden of proving all the essential elements of a charged crime beyond a reasonable doubt. *State v. Rich*, 184 Wn.2d 897, 903, 365 P.3d 746 (2016). Unlawful possession of a controlled substance is a strict liability crime for which the State has no burden of proving a mental element. *State v. Bradshaw*, 152 Wn.2d 528, 538, 98 P.3d 1190 (2004). Defendants charged with unlawful possession of a controlled substance may, however, raise the affirmative defense that they unwittingly possessed the substance. *Bradshaw*, 152 Wn.2d at 538. To prove unwitting possession, defendants carry the burden of showing by a preponderance of the evidence that they did not know that the substance was in their possession or that they did not know the

---

[2] It is outside the scope of this opinion to decide if a court errs by not instructing the jury at the defendant's request on unwitting possession when the defendant is charged with possession with intent to deliver. We understand there is a strong argument that it is not error; however, we are deciding the sole issue of whether a lawyer renders ineffective assistance by requesting such an instruction. Here, Kyllo has not argued that the court erred by instructing the jury on unwitting possession.

nature of the substance. *State v. Sandoval*, 8 Wn. App. 2d 267, 281, 438 P.3d 165, *review denied*, 193 Wn.2d 1028 (2019). When used as an affirmative defense to unlawful possession of a controlled substance, an unwitting possession jury instruction does not improperly shift the burden of proof. *Bradshaw*, 152 Wn.2d at 538.

On the other hand, unlawful possession of a controlled substance with intent to deliver includes the mens rea element of intent that the State must prove beyond a reasonable doubt. *State v. Sims*, 119 Wn.2d 138, 142, 829 P.2d 1075 (1992). There is an argument that requiring the defendant to prove that their possession was unwitting by a preponderance of the evidence in a prosecution for unlawful possession of a controlled substance with intent to deliver improperly shifts the State's burden to prove the mens rea element of intent to the defendant, because knowledge of the nature of the substance is subsumed by the intent element. *See State v. Carter*, 127 Wn. App. 713, 717, 112 P.3d 561 (2005).

Here, defense counsel relied on the unwitting possession instruction in his closing argument. This argument demonstrates that defense counsel clearly had a tactical reason for asking the court to give the instruction and supports the strong presumption that defense counsel's performance was reasonable.

Even if a court need not instruct on unwitting possession, the unwitting possession instruction in this case permitted Kyllo's lawyer to argue his theory of the defense with the support of a jury instruction from the court, thus making his arguments stronger. Requesting the instruction was a legitimate tactical decision.[3]

---

[3] Because we conclude that Kyllo's counsel did not render ineffective assistance, we need not address prejudice. However, we do agree with the State that Kyllo has also not shown prejudice. Kyllo argued his theory of the case and the jury found both that he possessed the controlled substances and that he intended to deliver them.

II.     VALIDITY OF SEARCH WARRANT

Next, Kyllo raises several claims regarding the validity of the search warrant including that the search warrant affidavit contained stale information, the affidavit failed to establish probable cause because it did not show the CI's basis of knowledge, and it is overbroad.

Generally, a search warrant can be issued only if there is a determination of probable cause. *State v. Thein*, 138 Wn.2d 133, 140, 977 P.2d 582 (1999). "Probable cause exists if the affidavit in support of the warrant sets forth facts and circumstances sufficient to establish a reasonable inference that the defendant is probably involved in criminal activity and that evidence of the crime can be found at the place to be searched." *Thein*, 138 Wn.2d at 140. A nexus must exist between the criminal activity and the items to be seized, and between the item to be seized and the place that will be searched. *Thein*, 138 Wn.2d at 140.

A.      Raised for the First Time on Appeal

As an initial matter, Kyllo did not move at trial to suppress any evidence seized pursuant to the search warrant. In general, we do not address claims of error raised for the first time on appeal. RAP 2.5(a). But in RAP 2.5(a)(3) an exception exists where an appellant can show a manifest error affecting a constitutional right. *State v. Gordon*, 172 Wn.2d 671, 676, 260 P.3d 884 (2011). To show manifest error, Kyllo must demonstrate actual and identifiable prejudice to his constitutional rights at trial. *State v. Kirkman*, 159 Wn.2d 918, 926-27, 155 P.3d 125 (2007). To demonstrate actual prejudice in this context, Kyllo must show that the trial court would have excluded evidence in response to a suppression motion raising these claims and that such exclusion would have had a practical and identifiable consequence at trial. *McFarland*, 127 Wn.2d at 333-34; *Gordon*, 172 Wn.2d at 676. To determine whether Kyllo has made this threshold showing, we

necessarily must evaluate the merits of his alleged errors. *State v. Walsh*, 143 Wn.2d 1, 8, 17 P.3d 591 (2001).

        B.        Staleness

        Kyllo first challenges the search warrant affidavit for staleness.

        A search warrant affidavit must contain facts to support an issuing court's conclusion "that the evidence is probably at the premises to be searched at the time the warrant is issued." *State v. Lyons*, 174 Wn.2d 354, 360, 275 P.3d 314 (2012). We evaluate it "in a commonsense manner, rather than hypertechnically, and any doubts are resolved in favor of the warrant." *State v. Jackson*, 150 Wn.2d 251, 265, 76 P.3d 217 (2003).

        Whether information in a search warrant affidavit is stale depends on the circumstances of each case. *Lyons*, 174 Wn.2d at 361. Some length of time naturally passes between the observations of suspected criminal activity and the presentation to a judge of a search warrant affidavit. *Lyons*, 174 Wn.2d at 360. But when the passage of time is so prolonged that it is no longer probable that a search warrant will uncover evidence of criminal activity, the information underlying the affidavit is deemed stale. *Lyons*, 174 Wn.2d at 360-61. In addition to the passage of time, a determination of staleness depends on the nature and scope of the alleged criminal activity, the length of the activity, and the type of property to be seized. *State v. Maddox*, 152 Wn.2d 499, 506, 98 P.3d 1199 (2004).

        Here, the April 19 search warrant affidavit stated that Thoma met with a CI that same day. The CI told Thoma that he/she was in a hotel room "within the last 72 hours" and saw approximately eight ounces of heroin on a table in the room. CP at 6. The search warrant issued that same day and required that it be executed within one day of its issuance.

Kyllo argues that, given the transient nature of hotel guests, the CI's statement about seeing drugs in the hotel room within the past 72 hours was stale. We disagree.

When evaluating the search warrant affidavit in a commonsense manner and resolving all doubts in favor of the search warrant's validity, it is reasonable to infer that evidence of illicit drug activity would be found at the hotel room within, at most, two days of the CI's statement, given the large quantity of drugs observed. Accordingly, Kyllo fails to make the threshold showing of actual prejudice as required under RAP 2.5(a)(3).

C.      CI's Basis of Knowledge

Next, Kyllo argues that the search warrant affidavit failed to establish the CI's basis of knowledge for asserting the drugs belonged to Kyllo. Again, Kyllo fails to make a threshold showing of actual prejudice.

When determining whether probable cause existed to issue a search warrant based on an informant's information, we apply the *Aguilar-Spinelli*[4] two-pronged test. *State v. Atchley*, 142 Wn. App. 147, 161, 173 P.3d 323 (2007). This test examines the (1) "'veracity'" or credibility of the informant and (2) the informant's "'basis of knowledge.'" *Atchley*, 142 Wn. App. at 161 (quoting *State v. Jackson*, 102 Wn.2d 432, 435, 688 P.2d 136 (1984)). The basis of knowledge prong is satisfied by information that the informant personally saw the facts asserted and is passing on firsthand information. *State v. McCord*, 125 Wn. App. 888, 893, 106 P.3d 832 (2005). The veracity and basis of knowledge prongs are independent and both must be established in the affidavit. *Jackson*, 102 Wn.2d at 437.

---

[4] *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969), *abrogated by Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), *but adhered to by State v. Jackson*, 102 Wn.2d 432, 688 P.2d 136 (1984).

Kyllo challenges only the basis of knowledge prong and only insofar as the CI failed to supply a basis of knowledge that the drugs observed in the hotel room belonged to Kyllo. The ownership of the drugs is not at issue in the search warrant. The issue is whether the contraband would be found in the hotel room at the time of the search. Here, the CI passed on firsthand information about personally seeing a large quantity of heroin in a specific hotel room. This information satisfied the basis of knowledge prong and gave rise to probable cause to search the hotel room for evidence of illicit drug activity.

The CI's reference to Kyllo owning the drugs does not form a basis to suppress the evidence found in the hotel room or backpack. At trial, the State would have to prove Kyllo possessed the drugs; even if he did not own them, it does not diminish the probable cause that the drugs would be found in the place to be searched.[5] In arriving at this conclusion, we note that Kyllo does not argue that his arrest after police entered the hotel room was somehow invalid.

Kyllo cannot demonstrate that a motion to suppress evidence seized from the hotel room would have been granted. Accordingly, Kyllo cannot demonstrate actual prejudice to review this claim on its merits under RAP 2.5(a)(3).[6]

---

[5] Moreover, the search warrant affidavit provides support for the conclusion that the CI had a basis of knowledge that the controlled substances belonged to Kyllo. The CI observed Kyllo with a large quantity of drugs in the hotel room, and the CI identified Kyllo by identifying a photograph of him.

[6] A factual dispute existed at trial about whether the police obtained Kyllo's wallet from his person or on a table. Even assuming the police unlawfully seized Kyllo's wallet from his person and that it should have been suppressed, sufficient evidence existed to convict Kyllo based on the remaining evidence.

D.      Overbroad Search Warrant

Next, Kyllo argues that the search warrant was overbroad because it permitted the police to search and seize items lacking any nexus to the suspected criminal activity. The State concedes that the search warrant was overbroad, but contends that the valid portion of the search warrant was severable and that no evidence seized outside the scope of the valid portion of the search warrant was used at trial.

Here, Kyllo does not address severability of the search warrant and does not identify any evidence admitted at trial that was obtained as a result of the overbroad portion of the search warrant in either his opening brief or in his reply to the State's response brief. This failure to address severability renders Kyllo's argument insufficient to merit judicial review. Accordingly, we decline to address the merits of this claim.

E.      Ineffective Assistance of Counsel

In the alternative, Kyllo argues that he received ineffective assistance of counsel because of the failure to file a motion to suppress evidence. But, as discussed, the record fails to demonstrate that a suppression motion should have been granted. Accordingly, Kyllo cannot show the requisite prejudice to support a claim of ineffective assistance of counsel on this basis.

III.    EVIDENCE NOT OVERLY PREJUDICIAL

Next, Kyllo contends that the trial court violated ER 403 and denied his due process right to a fair trial by denying his motion to suppress evidence that the search warrant permitted police to search for him and for controlled substances in the hotel room. We disagree.

We review a trial court's evidentiary ruling for an abuse of discretion. *State v. Scherf*, 192 Wn.2d 350, 387, 429 P.3d 776 (2018).

"A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons." *State v. Lord*, 161 Wn.2d 276, 283-84, 165 P.3d 1251 (2007). "Allegations that a ruling violated the defendant's right to a fair trial does not change the standard of review." *State v. Dye*, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013).

ER 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, evidence that the search warrant permitted police to search for Kyllo and for controlled substances was relevant to show the reasons for the police presence at the hotel room and a lawful basis for their entry into the hotel room.

The probative value of this evidence was not "substantially outweighed" by the danger of unfair prejudice because the testimony regarding the subjects of the search warrants was brief, limited to the fact that police had a warrant permitting them to search for Kyllo and drugs in the hotel room, and did not expand on the facts supplying probable cause for issuance of the warrant. Accordingly, the trial court acted within its discretion when denying Kyllo's motion to suppress evidence.[7]

IV.    MOTION FOR APPOINTMENT OF NEW COUNSEL

Next, Kyllo contends that the trial court violated his right to counsel by denying his motion for appointment of new counsel absent an adequate inquiry about his alleged conflict with counsel. We disagree.

---

[7] Kyllo asserts that the prosecutor's closing argument emphasizing that he was the subject of the search warrant demonstrates the prejudicial nature of such evidence. But Kyllo does not claim that the prosecutor committed misconduct during closing argument, and even assuming that such argument is improper, we fail to discern how it would inform our review of the trial court's evidentiary decision.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution provide criminal defendants with the right to counsel. The constitutional right to counsel does not, however, provide indigent defendants with the right to choose a particular advocate. *State v. Varga*, 151 Wn.2d 179, 200, 86 P.3d 139 (2004).

A defendant must show good cause to justify the appointment of new defense counsel. *Varga*, 151 Wn.2d at 200. Good cause includes a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the defendant and defense counsel. *Varga*, 151 Wn.2d at 200. In general, "a defendant's loss of confidence or trust in his counsel is not sufficient reason to appoint new counsel." *Varga*, 151 Wn.2d at 200.

"We review a trial court's refusal to appoint new counsel for an abuse of discretion." *State v. Lindsey*, 177 Wn. App. 233, 248, 311 P.3d 61 (2013). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Lindsey*, 177 Wn. App. at 248-49. When reviewing a trial court's refusal to appoint new counsel, we consider the timeliness of the motion, the adequacy of the trial court's inquiry, and the extent of the conflict. *Lindsey*, 177 Wn.2d at 249.

Here, Kyllo moved for appointment of new counsel after the jury returned its verdicts finding him guilty but before sentencing. The trial court permitted Kyllo to state his concerns. Kyllo did not allege any conflict of interest, irreconcilable conflict, or complete breakdown in communications preventing defense counsel from adequately representing him at his forthcoming sentencing hearing. Instead, Kyllo requested a new trial with a newly appointed counsel, asserting that his counsel was ineffective at trial for failing to present certain evidence. The trial court denied Kyllo's motion for a new trial with a newly appointed attorney, noting that his ineffective assistance of counsel claims were a proper subject for appeal.

We conclude that the trial court did not abuse its discretion by denying Kyllo's motion for new counsel. Kyllo moved for new counsel after the jury returned its verdicts, the trial court permitted Kyllo to fully air his concerns with defense counsel, and Kyllo did not allege any conflict preventing adequate representation at sentencing.

V.      REASONABLE DOUBT JURY INSTRUCTION

Next, Kyllo contends that the trial court's standard reasonable doubt jury instruction violated his due process and jury trial rights. We disagree.

The reasonable doubt instruction provided here was based on 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 4.01, at 93 (4th ed. 2016) (WPIC). WPIC 4.01 provides in relevant part, "If, from such consideration, *you have an abiding belief in the truth of the charge*, you are satisfied beyond a reasonable doubt." CP at 27 (emphasis added). Kyllo claims that the emphasized language impermissibly directed the jury to engage in a search for the truth.

We previously rejected this same claim in *State v. Jenson*, 194 Wn. App. 900, 901-02, 378 P.3d 270 (2016), and decline Kyllo's request to revisit the issue here.

VI.     STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

A.      Confrontation Right

Kyllo first argues in his SAG that his constitutional confrontation right was violated because he was not permitted to confront the CI who provided information in the search warrant affidavit. We disagree.

The Sixth Amendment of the United States Constitution "bars 'admission of testimonial statements of a witness who did not appear at trial.'" *State v. Pugh*, 167 Wn.2d 825, 831, 225 P.3d 892 (2009) (internal quotation marks omitted) (quoting *Davis v. Washington*, 547 U.S. 813, 821,

126 S. Ct. 2266, 165 L. ED. 2d 224 (2006)).  Here, the State did not present any statements made by the CI at trial and, thus, Kyllo cannot show a violation of his confrontation right.  Moreover, Kyllo has waived his right to raise a confrontation clause violation on appeal because he did not object on that ground at trial.  *See State v. Burns*, 193 Wn.2d 190, 208, 438 P.3d 1183 (2019).

B.      Sufficiency of the Evidence

Kyllo appears to argue that the State failed to present sufficient evidence to support his convictions.  Again, we disagree.

Evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt.  *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000).  "In claiming insufficient evidence, the defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from it."  *State v. Homan,* 181 Wn.2d 102, 106, 330 P.3d 182 (2014).  "We defer to the jury 'on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence'".  *State v. Andy*, 182 Wn.2d 294, 303, 340 P.3d 840 (2014) (quoting *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

To convict Kyllo of unlawful possession of a controlled substance with intent to deliver, the State had to prove beyond a reasonable doubt that he (1) possessed (2) a controlled substance (3) with intent to deliver the controlled substance.  Former RCW 69.50.401 (2015).

Possession of a controlled substance may be actual or constructive.  *State v. Ibarra-Cisneros*, 172 Wn.2d 880, 897, 263 P.3d 591 (2011).  Actual possession occurs when a defendant has physical custody of the item, and constructive possession occurs if the defendant has dominion and control over the item.  *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002).  Dominion and control can be over "either the drugs or the premises on which the drugs were found."  *State*

*v. Callahan*, 77 Wn.2d 27, 31, 459 P.2d 400 (1969). "Dominion and control need not be exclusive." *State v. Summers*, 107 Wn. App. 373, 384, 28 P.3d 780 (2001).

Mere possession of a controlled substance is insufficient to prove an intent to deliver. *State v. Reichert*, 158 Wn. App. 374, 391, 242 P.3d 44 (2010). Rather, the State must prove possession and at least one additional factor that indicates the defendant's intent to deliver, which may include substantial amounts of cash, scales, cell phones, address books, baggies, or materials used to manufacture narcotics. *State v. Goodman*, 150 Wn.2d 774, 783, 83 P.3d 410 (2004).

Viewing the evidence in the light most favorable to the State, we conclude that sufficient evidence supported Kyllo's unlawful possession of a controlled substance with intent to deliver convictions. Here, the State presented evidence that Kyllo had actual possession of a backpack containing nine ounces of heroin. The backpack also contained evidence supporting a finding that Kyllo possessed the heroin with the intent to deliver, including $4,800 in cash and a digital scale with brown residue on it. Additionally, the fact that the heroin was packaged in nine separate bags, each containing approximately one ounce of heroin further supported the jury's finding that Kyllo intended to deliver the controlled substance.

The State also presented evidence sufficient for a jury to find that Kyllo constructively possessed the methamphetamine found in the hotel room. Kyllo was in the hotel room when police entered, placing him in close proximity to the methamphetamine. Although Wiggins and Williams were also present in the hotel room in close proximity to the methamphetamine, dominion and control need not be exclusive. And, in addition to the evidence showing an intent to deliver found in the backpack, other evidence found in the hotel room supported a finding of intent to deliver, including pay/owe sheets and packaging material. Accordingly, sufficient evidence supported Kyllo's convictions for unlawful possession of a controlled substance with intent to deliver.

17

C.      Validity of Search Warrant

Kyllo raises a contention with the validity of the search warrant used to enter his hotel room that is difficult to discern. We do not address his contention because it is not sufficiently developed to merit judicial consideration. *See* RAP 10.10(c) ("[T]he appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors."). Moreover, Kyllo did not challenge the validity of the search warrant at trial and does not argue that RAP 2.5(a) applies to permit us to review his challenge for the first time on appeal.

D.      Right to Counsel and Miranda Violation

Kyllo argues that the State violated his right to counsel by failing to honor his invocation of *Miranda*[8] rights. Kyllo admits, however, that this alleged violation is not present in the record before us. The proper avenue for bringing claims based on evidence outside the record is through a personal restraint petition, not a direct appeal. *McFarland*, 127 Wn.2d 335. We therefore decline to address this argument.

E.      Ineffective Assistance of Counsel

Kyllo argues that his defense counsel was ineffective for failing to investigate the *Miranda* violation alleged above. But, again, we cannot address this argument in this direct appeal because the alleged violation is not present in this record.

F.      Cumulative Error

Kyllo argues that the cumulative effect of trial errors denied his right to a fair trial. A "defendant may be entitled to a new trial when cumulative errors produce a trial that is fundamentally unfair." *State v. Emery*, 174 Wn.2d 741, 766, 278 P.3d 653 (2012). Cumulative

---

[8] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. ED. 2d 694 (1996).

error applies to instances where there are "several trial errors" that alone do not merit reversal, but when combined, deny the defendant a fair trial. *State v. Greiff*, 141 Wn.2d 910, 929, 10 P.3d 390 (2000). Because Kyllo has not established that multiple errors occurred at trial, reversal under the cumulative error doctrine is not warranted.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

I concur:

Maxa, C.J.

GLASGOW, J. (Dissenting) —The majority improperly rejects the State's concession that Kenneth Kyllo's counsel performed deficiently when he requested an unwitting possession jury instruction, even though Kyllo had been charged with possession *with intent to deliver* and not mere possession of a controlled substance.  Because an unwitting possession instruction is improper where a person has been charged with possession of a controlled substance with intent to deliver, I respectfully dissent.  Instructing the jury that Kyllo had to prove unwitting possession by a preponderance of the evidence improperly undermined the State's burden to prove intent beyond a reasonable doubt.  When Kyllo's counsel undertook a burden of proof for his client while undermining the State's burden, that constituted deficient performance.  Applying the resulting presumption of prejudice established in case law, I would also find the contradiction regarding the burden of proof was error sufficient to undermine confidence in the outcome of the trial.  I would therefore find prejudice and reverse.

Unwitting possession is an affirmative defense to unlawful possession of a controlled substance.  *State v. Bradshaw*, 152 Wn.2d 528, 538, 98 P.3d 1190 (2004).  In *Bradshaw*, the Supreme Court clarified that unlawful possession of a controlled substance does not have a knowledge element; it is a strict liability offense.  *Id.*  Thus, unwitting possession is a judicially-created affirmative defense that was designed to ameliorate the harshness of the strict liability crime.  *Id.*; *State v. Balzer*, 91 Wn. App. 44, 67, 954 P.2d 931 (1998).  "To establish the defense, the defendant must prove, by a preponderance of the evidence, that his or her possession of the unlawful substance was unwitting."  *Balzer*, 91 Wn. App. at 67.

When used as an affirmative defense to an unlawful possession of a controlled substance charge, an unwitting possession jury instruction does not improperly shift the burden of proof. *Bradshaw*, 152 Wn.2d at 538. In contrast, the elements of the crime of unlawful possession *with intent to deliver* include a requisite mental state—intent. *State v. Sims*, 119 Wn.2d 138, 142, 829 P.2d 1075 (1992). We presume that one who acts with the requisite mental state of intent also acts with knowledge because one must know something is a controlled substance in order to "deliver" it under the statute. *State v. Sanders*, 66 Wn. App. 380, 390, 832 P.2d 1326 (1992). As a result, knowledge is not a separate element of possession with intent to deliver, but rather is subsumed within intent. *Sims*, 119 Wn.2d at 142. Unwitting possession is therefore *not* an affirmative defense to the crime of possession with intent to deliver because "[i]t is impossible for a person to intend to . . . deliver a controlled substance without knowing what he or she is doing." *Id*.

The State has the burden to prove each element of a charged crime beyond a reasonable doubt. *In re Matter of Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Where the State has charged possession with intent to deliver, the burden to prove possession of a controlled substance *with the requisite intent* falls squarely on the State, while the unwitting possession instruction places a burden on the defendant to prove their state of mind. Therefore, requiring the defendant to prove unwitting possession by a preponderance of the evidence where the defendant has been charged solely with unlawful possession with intent to deliver improperly contradicts the State's burden to prove the mental state element of intent, in which "knowledge" is subsumed.

The unwitting possession instruction given in this case misled the jury to believe Kyllo had the burden to prove his mental state, which conflicted with the State's burden to prove the requisite

21

mental state beyond a reasonable doubt. This inconsistent instruction was a clear misstatement of the law and it was deficient performance for defense counsel to request it.

The majority incorrectly concludes that "defense counsel clearly had a tactical reason" to request an unwitting possession instruction—to support Kyllo's argument that he did not know there were controlled substances in the backpack he threw out the window. Majority at 8. But the tactical reason must be a legitimate one. *State v. Estes,* 188 Wn.2d 450, 458, 395 P.3d 1045 (2017). Here it was not.

The majority reasons that the unwitting possession instruction "permitted Kyllo's lawyer to argue his theory of the defense with the support of a jury instruction from the court." Majority at 8. But the jury instruction was not necessary to argue Kyllo's theory of the case. Where a defendant has been charged with possession of a controlled substance with intent to deliver, they can argue that the State has failed to prove possession with the requisite intent *because* the defendant did not know that the controlled substance was in their possession. No unwitting possession instruction is necessary to argue to the jury that a defendant's lack of knowledge defeats the element of intent, and presenting the argument in this way firmly preserves the burden on the State to prove each element of the crime, including the required intent to deliver, beyond a reasonable doubt.

When the majority concludes that "[r]equesting the instruction was a legitimate tactical decision," it misses a fundamental point. *Id*. The unwitting possession instruction unconstitutionally shifted to Kyllo the burden to prove his state of mind and contradicted the State's burden to prove the element of intent. Defense counsel performed deficiently when he undertook this burden.

51732-9-II

The majority attempts to avoid this problem by declining to decide whether giving an unwitting possession instruction is proper where the defendant has been charged with possession of a controlled substance with intent to deliver. Majority at 8 n.3. But this ignores the obvious fact that an instruction that shifts the burden to the defendant to prove the absence of an element of a crime is a clear violation of the defendant's constitutional rights. *See Winship*, 397 U.S. at 364. When defense counsel invited the burden shifting, he invited the violation of his client's constitutional right, a clear example of deficient performance. *See State v. Carter*, 127 Wn. App. 713, 717-18, 112 P.3d 561 (2005).

Where counsel's deficiency leads to an improper jury instruction on unwitting possession that creates an inconsistency that misstates the law, prejudice is presumed, even where the jury was also properly instructed that the State carries the burden of proof. *Id.* at 718. "If the inconsistency results from a clear misstatement of the law, the misstatement is presumed to have misled the jury in a manner prejudicial to the defendant." *Id.* Here, the unwitting possession instruction presented an inconsistency to the jury because it placed the burden on Kyllo to prove his state of mind by a preponderance of the evidence. The unwitting possession instruction misled the jury as to who had the burden to prove Kyllo's state of mind. Although there was ample evidence that drugs and paraphernalia were in the hotel room and in the bag that Kyllo threw out the window, I would not conclude that there was enough evidence that the controlled substances belonged to Kyllo, rather than the others present in the hotel room, to overcome the presumption of prejudice established in *Carter*.

I would accept the State's concession and conclude that it was ineffective assistance of counsel for defense counsel to seek an unwitting possession instruction where Kyllo was charged solely with possession of a controlled substance with intent to deliver. The direction to the jury

23

that Kyllo had a burden to prove his state of mind was fundamentally inconsistent with the State's burden to prove intent to deliver beyond a reasonable doubt. The State has not overcome the resulting presumption of prejudice. I would therefore reverse. Kyllo is entitled to a new trial where the State's burden of proof is clearly presented to the jury without contradiction.

Glasgow, J.